THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 06, 2011



Honorable Susan V. Kelley
United States Bankruptcy Judge

---

### THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

ARCHDIOCESE OF MILWAUKEE,

Debtor.

Case No. 11-20059-svk

Chapter 11

Hon. Susan V. Kelley

---

### ORDER AUTHORIZING THE RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, PLAN SOLICITATION, AND BALLOTING AGENT PURSUANT TO 28 U.S.C. § 156(c) AND FED.R.BANKR.P. 2002

Upon the motion (the "Motion") of the Debtor[1] for entry of an order authorizing the employment of Kurtzman Carson Consultants LLC ("KCC") as notice, plan solicitation, and

---

[1] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Motion.
Daryl L. Diesing
Bruce G. Arnold
Michael E. Gosman
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-4894
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com

balloting agent for the Debtor, all as more fully set forth in the Motion; pursuant to 28 U.S.C. § 156(c); upon consideration of the Kass Affidavit, Marek History Affidavit, and Marek First Day Affidavit; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and all other parties in interest; and due and sufficient notice of the Motion having been given; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that based on the representations made in the Kass Affidavit that KCC does not hold or represent an interest adverse to the Debtor's estate; and the Court having found that due and proper notice of the Motion has been provided and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings heard before the Court; and after due deliberation and sufficient cause appearing therefor it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtor is authorized to employ and retain KCC as its notice, plan solicitation, and balloting agent in accordance with the terms and conditions set forth in the Motion and the Services Agreement.

3. KCC is authorized to provide notice, plan solicitation, and balloting agent services as set forth in the Motion and the Services Agreement.

4. The terms of the Services Agreement are approved subject to the terms of this Order including the following modifications.

5. KCC is not authorized to establish accounts with financial institutions in the name of and as agent for the Debtor.

6. KCC is not authorized to assist the Debtor in preparation of the schedules of assets and liabilities and statements of financial affairs.

7. In addition to the services set forth in the Motion and the Services Agreement, KCC is authorized to provide other noticing, solicitation and administrative services the Debtor may request from time to time.

8. KCC is authorized to provide noticing services in this Chapter 11 case to the U.S. Trustee.

9. Without further order of the Court, the Debtor is authorized to compensate KCC in accordance with the terms and conditions of the Services Agreement, upon KCC's submission to the Debtor of invoices summarizing in reasonable detail the services and expenses for which compensation is sought; provided, however, that KCC shall provide copies of such invoices to the Office of the United States Trustee and any official committee of creditors appointed in this chapter 11 case.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC incurred pursuant to the Services Agreement shall be an administrative expense of the Debtor's estate.

11. Nothing herein obligates a successor chapter 11 trustee to employ KCC.

12. The Debtor and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###