IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Case No. 11-20059-svk |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE | ) | Chapter 11 |
| | ) | |
| DEBTORS. | ) | Hon. Susan V. Kelley |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL
& JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS NUNC PRO TUNC TO JANUARY 25, 2011**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case hereby submits this Application for the Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc as of the January 25, 2011 (the "Application"). In support of this Application, the Committee relies on the affidavit of Gillian N. Brown (the "Brown Affidavit") filed herewith. In support of the Application, the Committee respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

James I. Stang
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067
(310) 277-6910
(310) 201-0760
jstang@pszjlaw.com

3. The statutory bases for the relief requested herein are sections 1102, 1103, 328 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On January 4, 2011, the Archdiocese of Milwaukee (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

6. On January 24, 2011 (the "Committee Formation Date"), the Office of the United States Trustee (the "Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. See Docket No. 86.

7. On January 25, 2011, the Committee determined to retain, subject to Court approval, PSZJ as counsel to represent the Committee in all matters during the pendency of this chapter 11 case. The Committee interviewed PSZJ and two other law firms.

## Relief Requested and Basis for Relief

8. By this Application, the Committee seeks to employ and retain PSZJ nunc pro tunc to January 25, 2011 as counsel in connection with the prosecution of this bankruptcy case as set forth herein. The Committee understands that PSZJ will seek compensation from the Debtor's estate at the hourly rates for attorneys and paraprofessionals set forth in the Brown Affidavit, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and a hearing and the Court's orders regarding interim compensation.

The Committee seeks to retain PSZJ as its counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and PSZJ's expertise, experience and knowledge practicing before this Court. Moreover, the Firm represented the Official Committee of Tort Litigants in the chapter 11 case of the Catholic Diocese of Spokane, Washington, the Official Committee of Unsecured Creditors in the chapter 11 cases of the Catholic Diocese of San Diego, California, the Catholic Diocese of Davenport, Iowa and the Catholic Bishop of Northern Alaska. The Firm currently represents the official committees in chapter 11 cases of the Society of Jesus, Oregon Province, and Catholic Diocese of Wilmington, Inc.. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The principal attorneys presently designated to represent the Committee and their current standard hourly rates are: [1]

   a. James I. Stang: $650.00

   b. Kenneth H. Brown: $650.00

   c. Gillian N. Brown: $550.00

   d. Pamela E. Singer: $550.00

It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including,

---

[1] These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein at the rates set forth in the Brown Affidavit.

05058-002\DOCS_LA:231583.1     3

Case 11-20059-svk    Doc 108    Filed 02/05/11    Page 3 of 7

without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients. PSZJ believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10. The professional services that PSZJ will render to the Committee include, but shall not be limited to, the following matters. Pursuant to Local Bankruptcy Rule 2014(c), the Application and the order thereon are not required to include a fee cap:

a. assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this case;

b. assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings. The Firm does not anticipate involvement in analyzing the Debtor's liability to any particular survivor of sexual abuse;

c. review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

d. to prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Committee;

e. represent the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

f. to perform all other legal services for the Committee which may be necessary and proper in this proceeding;

g. represent the Committee in connection with any litigation, disputes or other matters that may arise in connection with this case;

h. assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

i. assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

j. assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

k. advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

l. assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

m. assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

n. providing such other services to the Committee as may be necessary in the case.

11. PSZJ intends to work closely with any other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

12. Neither PSZJ, nor any of its partners or associates, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtor, its estate, its creditors and the Committee, in the matters upon which PSZJ is to be engaged. PSZJ is a "disinterested person," as the Committee understands this term to be defined, within the meaning of section 101(14), as modified by section 1103(b), of the Bankruptcy Code.

13. To the best of the Committee's knowledge, and except as disclosed in the annexed Brown Affidavit, PSZJ has no prior connection with the Debtor, its creditors or any other party-in-interest, or their respective attorneys or accountants in the matters upon which it is to be engaged that would in any way disqualify it from representing the Committee.

14. PSZJ has indicated a willingness to act as counsel on the Committee's behalf, in accordance with the terms of this Application.

15. The Committee submits that it is necessary to employ PSZJ as counsel to ensure that the interests of the Committee are adequately represented in an efficient and effective manner. The Committee believes that, in light of PSZJ's familiarity with the types of issues that will arise in this case, PSZJ is well suited to provide legal services to the Committee.

16. Since the Committee, subject to approval by the Court, retained the services of PSZJ on January 25, 2011, the Committee requests that any order entered authorizing such retention be effective as of January 25, 2011.

17. Pursuant to 11 U.S.C. §328, professionals may be employed "on any reasonable terms and conditions of employment." Additionally, PSZJ's fees may be subject to a review for reasonableness under 11 U.S.C. §330.

18. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee requests entry or an Order substantially in the form attached hereto, authorizing the Committee to employ and retain PSZJ as counsel, nunc pro tunc to January 25, 2011, and granting such other and further relief as is just and proper.

Dated: February 4, 2011

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE ARCHDIOCESE OF
MILWAUKEE

By: *Charles W. Linneman*
Charles Linneman
Chair of the Official Committee of Unsecured Creditors