IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Case No. 11-20059-svk |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE | ) | Chapter 11 |
| | ) | |
| DEBTORS. | ) | Hon. Susan V. Kelley |

**AFFIDAVIT OF GILLIAN N. BROWN IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO JANUARY 25, 2011**

Gillian N. Brown, Esquire, being duly sworn, deposes and says:

1. I am a partner with Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm")[1], with offices located at 10100 Santa Monica Blvd, Ste 1100, Los Angeles, CA 90067. I am duly admitted to practice law in the States of California and New York, and in the District of Columbia. I am authorized to submit this Affidavit in support of the Application for Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to January 25, 2011 (the "Application").

2. Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Archdiocese of Milwaukee (the "Debtor"), its creditors or any other parties in interest herein, or their respective attorneys

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.
Gillian N. Brown
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067
(310) 277-6910
(310) 201-0760
gbrown@pszjlaw.com
05058-003\DOCS_LA:232356.2

and accountants, the U.S. Trustee, or any person employed by the U.S. Trustee, except as set forth herein.

3. Prior to the Committee Formation Date, PSZJ consulted with Jeff Anderson & Associates regarding the financial condition of the Debtor. PSZJ did not request nor receive any payments from Jeff Anderson & Associates. Approximately five (5) years ago, PSZJ consulted with certain plaintiffs' attorney in a one (1) day mediation with the Debtor regarding abuse litigation pending in Los Angeles.

4. Since 2004, PSZJ has made an annual contribution of approximately $5,000 to a non-profit corporation advocating for support of survivors of sexual abuse.

5. PSZJ represents many committees. The Firm does not believe that creditors of these other committees are creditors in this chapter 11 case. The Firm, however, is not representing any of those entities in this case and will not represent any members of this Committee in any claims that they may have collectively or individually against the Debtor.

6. PSZJ is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that the Firm, its partners, of counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not within 2 years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor;

    c. do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

7. This Firm and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of any such representations. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

8. The Firm intends to apply for compensation for professional services rendered in connection with this case subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. In this case, the hourly rates of the principal attorneys designated to represent the Committee are:

   a. James I. Stang $650.00

   b. Kenneth H. Brown $650.00

   c. Gillian N. Brown: $550.00

   d. Pamela E. Singer: $550.00

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described at the rates set forth on **Exhibit A**.

9. The hourly rates set forth above are lower than the Firm's standard hourly rates for work of this nature for those lawyers whose regular hourly rates exceed $650. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies

(including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10. To alleviate delays in compensation of Committee members for allowable out of pocket expenses incurred as members of the Committee, the Firm shall pay such expenses directly and add them as expenses to its invoices. Such expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm.

11. PSZJ intends to work closely with any other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

[remainder of page left intentionally blank]

12. No promises have been received by the Firm nor by any partners, of counselor associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the partners, of counsel and associates of the Firm.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3d day of February, 2011, at Los Angeles, California.

*/s/ Gillian N. Brown*
Gillian N. Brown

State of California  )
County of Los Angeles  )

Subscribed and sworn to (or affirmed) before me on this 3rd day of February, 2011, by Gillian N. Brown, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MYRA KULICK
Commission # 1749532
Notary Public - California
Los Angeles County
My Comm. Expires Jul 5, 2011

Seal_____

Signature_____