THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 07, 2011



Honorable Susan V. Kelley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

ARCHDIOCESE OF MILWAUKEE,

Debtor.

Case No. 11-20059-svk

Chapter 11

Hon. Susan V. Kelley

### ORDER GRANTING DEBTOR'S MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion") of the debtor in possession in the above-captioned Chapter 11 case (the "Debtor") seeking an order Establishing Procedures for Interim Compensation and Reimbursement of Expense of Professionals; the Court having reviewed Motion and the *Description of Debtor and Pre-filing History Affidavit of John J. Marek* and the

Daryl L. Diesing,
Bruce G. Arnold
Michael E. Gosman
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-4894
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com

*Marek Affidavit in Support of First Day Motions* (the "Affidavits"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and the Affidavits establish just cause of the relief granted herein;

It is hereby ordered:

1. The Interim Compensation Procedures Motion is GRANTED.

2. The Professionals[1] are permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a) Service of all filings in this Reorganization Case, including filings related to compensation of Professionals, shall be effected pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules, as modified by any case management order entered by the Court.

    b) On or after the fifth (5th) day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file with the Court an invoice setting forth the fees incurred and disbursements made during the month for which compensation is sought, along with supporting time and expense descriptions (each a "Monthly Fee Request"). The supporting documentation for each Monthly Fee Request shall comply with applicable law in this District, including the Bankruptcy Code and the Bankruptcy Rules.

    c) Each member of the Service List will have fourteen (14) days after service of a Monthly Fee Request to object thereto (the "Objection Deadline"). If no objections are properly filed and served (as set forth below) before the expiration of the Objection Deadline, Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses

---

[1] All capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Interim Compensation Procedures Motion.

requested in its Monthly Fee Request (the "Maximum Interim Payment"). If an objection is properly filed and served (as set forth below), Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Request submitted by each Professional shall cover the period from the Petition Date through and including January 31, 2011.

d) If any member of the Service List objects to a Professional's Monthly Fee Request, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other member of the Service List a written objection ("Objection"), so that such Objection is received on or before the Objection Deadline. Any such Objection shall specifically identify fees and/or expenses objected to and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until a hearing on the appropriate Interim Fee Application or on Final Fee Applications (each as defined below), at which time the Court will consider and rule on the Objection, if requested to do so by the parties.

e) Professionals may file applications on an interim basis, but shall file no less than on an approximately quarterly basis (calendar quarters), application for Court approval, allowance, and payment of compensation and reimbursement of expenses pursuant to Bankruptcy Code § 331 (each, an "Interim Fee Application"), including, the twenty percent (20%) of monthly fees previously withheld in connection with any Monthly Fee Requests. However, any Professional whose fees and expenses in a quarter do not exceed $20,000 is not required to file an Interim Fee Application unless and until that Professional has received fees and expenses of $20,000 since the later of (i) the Commencement of the Reorganization Case, or (ii) the last time that Professional filed an Interim Fee Application..

f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Request or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

h) Upon the entry of an order confirming a plan of reorganization in this case, the Court shall fix a date for the submission of final applications (the "<u>Final Fee Application</u>") for the allowance of all compensation and reimbursement of expenses of Professionals and for a final hearing thereon, at which time the Court will consider the allowance of all Professional fees and disbursements for which payment was made pursuant to the terms of this Order, as well as any Professional fees and reimbursement of expenses requested but not yet paid, including, but not limited to, (i) the twenty percent (20%) of monthly fees previously withheld in connection with Monthly Fee Requests and (ii) any outstanding Incremental Amounts.

i) All time periods set forth in these Compensation Procedures shall be determined in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as modified by any case management order issued by the Court.

###