IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **In re:** | Case No. 11-20059-svk |
| **ARCHDIOCESE OF MILWAUKEE,** | Chapter 11 |
| Debtor. | Hon. Susan V. Kelley |

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE TO (1) CONTINUE PAYING CERTAIN PSYCHOLOGICAL COUNSELING AND THERAPY FOR VICTIMS/SURVIVORS, (2) HONOR CERTAIN PRE-PETITION SETTLEMENT AGREEMENTS, AND (3) PARTICIPATE IN VOLUNTARY MEDIATIONS WITH TWO VICTIMS/SURVIVORS AND PAY ANY COSTS INCIDENT THERETO**

Archdiocese of Milwaukee, debtor and debtor-in-possession (the "Debtor" or "Archdiocese"), hereby submits this Motion (the "Motion") pursuant to 11 U.S.C. § 363(b) for the entry of an order authorizing Debtor to (1) continue paying for certain psychological counseling and therapy for victims/survivors, (2) honor certain pre-petition settlement agreements, and (3) participate in voluntary mediations with two victims/survivors and pay any costs incident thereto. In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

Daryl L. Diesing
Bruce G. Arnold
Michael E. Gosman
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-4894
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com

### Statutory Basis

2.  The statutory bases for the relief requested herein is § 363(b) of Title 11 of the United States Code (the "Bankruptcy Code").

### Background

3.  On January 4, 2011 (the "Petition Date"), the Debtor commenced its reorganization case (the "Reorganization Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtor is continuing in possession of its property and is operating and managing its business, as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner.

5.  On January 24, 2011, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors comprised entirely of Victims/Survivors (the "Committee").

6.  In preparing this Motion, the Debtor's counsel has consulted with the Office of the United States Trustee (the "U.S. Trustee") and with counsel to the Committee. The Debtor understands that the Committee is not opposed to certain aspects of this Motion concerning therapy, but has not reached a position on other provisions requested in this Motion.

7.  For a description of the Debtor and its operations, the Debtor respectfully refers the Court and the parties in interest to the *Description of Debtor and Pre-filing History Affidavit of John J. Marek* (the "Marek History Affidavit") [Docket No. 6] which is incorporated herein by reference.[1]

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Marek History Affidavit.

8. The Archdiocese, recognizing the need for a process outside the archdiocesan structure to address claims against the Archdiocese by victims/survivors of sexual abuse (the "Victims/Survivors"), introduced an independent voluntary Mediation Program in January 2004 (the "Mediation Program"). The Mediation Program was created in collaboration with Professor Eva M. Soeka, Director of Marquette University's Center for Dispute Resolution.

9. The Mediation Program was designed to offer dignity, flexibility, and control to Victims/Survivors. Victims/Survivors participate voluntarily in the Mediation Program, they work with the Archdiocese to select a mutually agreeable mediator, and there is no obligation on the part of any Victim/Survivor to agree to a mediated settlement after participating in the Mediation Program. Professor Soeka created an agreement (the "Agreement to Mediate") that all Victims/Survivors who participate in the Mediation Program signed, substantially in the form attached hereto as Exhibit A.

10. Prior to the Petition Date, approximately one hundred and ninety-two (192) Victims/Survivors settled their claims against the Archdiocese (each agreement a "Settlement", or collectively, the "Settlements") through the Mediation Program.

11. The Archdiocese substantially fulfilled its obligations to approximately one hundred and seventy (170) of the Victims/Survivors who participated in the Mediation Program (the "Settled Victims/Survivors").

12. Pursuant to the terms of the Settlement Agreements, the Archdiocese owes approximately $702,000 to twenty-two (22) Victims/Survivors (the "In-Settlement Victims/Survivors"). While the terms of the Settlement Agreements vary, the Archdiocese is scheduled to make approximately $311,000 in installment payments to In-Settlement

3

WHD/7603368.14

Case 11-20059-svk    Doc 166    Filed 03/14/11    Page 3 of 8

Victims/Survivors in 2011. The remaining $391,000 is scheduled to be paid in installments concluding by December 31, 2015.

13. Additionally, some of the Settlement Agreements provide that the Archdiocese will pay for certain psychological counseling and therapy for In-Settlement Victims/Survivors. The Archdiocese also pays for psychological counseling and therapy services for certain Victims/Survivors who are not party to any Settlement Agreements. The Debtor spent approximately $72,000 per year in the fiscal years ending June 30, 2009, and June 30, 2010, on psychological counseling and therapy for Victims/Survivors.

14. As of the Petition Date, two Victims/Survivors (the "Does"), have not yet completed participation in the Mediation Program. The two Does desire to complete the voluntary Mediation Program. The Debtor believes that other Does should have the opportunity to utilize the Mediation Program if they so desire.

15. If the Motion is granted, any monetary settlements arranged through the Mediation Program would be subject to Court approval. However, the Debtor by this Motion is requesting authority to pay all therapy and counseling claims as they arise.

## Relief Requested

By this Motion, the Debtor seeks the entry of an order, in substantially the form submitted herewith, pursuant to section 363(b) of the Bankruptcy Code, authorizing the Debtor to (1) continue paying for certain psychological counseling and therapy for Victims/Survivors, (2) honor the Settlement Agreements with the In-Settlement Victims/Survivors, and (3) participate in voluntary mediations with the Does and pay any costs incident thereto, subject to Court approval of any final resolution of particular claims.

4

WHD/7603368.14

## Basis for Relief

16. Section 363(b) of the Bankruptcy Code provides that a Debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

17. Although not explicitly stated in section 363(b) of the Bankruptcy Code, courts have found that for a debtor-in-possession to "satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business." *In re Continental Air Lines, Inc.*, 78 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F. 2d 1063, 1070 (2d Cir. 1983) (requiring an articulated business justification for a use of property outside the ordinary course of business).

18. In determining whether to approve a use of property outside the ordinary course of business the bankruptcy court should "consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *In re Lionel Corp.*, 722 F. 2d at 1071.

19. The Debtor has significant business justifications for the requested use of property outside the ordinary course of business:

- Paying for certain psychological counseling and therapy for Victims/Survivors, whether pursuant to Settlement Agreements or as part of the Debtor's continuing outreach and support of Victims/Survivors, fits squarely within the Debtor's mission of providing resources, spiritual leadership, direction and support to individuals of the Roman Catholic faith living in the Region. The costs of the psychological counseling and therapy will not have a substantial impact on the value of the Debtor's bankruptcy estate, and helping to facilitate the recovery of certain Victims/Survivors may result in a reduction of claims filed in the Reorganization Case.

- The Debtor welcomed Victims/Survivors into the Mediation Program and is concerned that failure to honor the In-Settlement Victims Settlements would result in significant

5

economic and emotional harm to the In-Settlement Victims/Survivors.

- Allowing the Does to participate in the Mediation Program will likely have no impact on the Debtor's distribution to its other creditors, and may actually slightly increase the recovery of the Debtor's other creditors. The Does are the only individuals that have requested to participate in the Mediation Program prior to the Petition Date but that did not complete the program, and the Does have expressed a strong desire to resolve their claims through this process. Given the Archdiocese's history in achieving mutually agreeable structured settlements which are paid over a period of years, allowing the Does to complete the Mediation Program will have at most a de minimus impact on the recovery of other creditors.

20. Additionally, the Archdiocese believes it should pay for certain psychological counseling and therapy, honor the Settlement Agreements, and allow the Does to complete the Mediation Program because it is the right thing to do.

21. Section 363(b) requires "notice and a hearing" when a debtor wishes to use property outside of the ordinary course of business. 11 U.S.C. § 363(b). However, section 102(1) of the Bankruptcy Code defines the phrase "after notice and a hearing as:

> such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but . . . authorizes an act without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest.

22. 11 U.S.C. § 102(1). Thus, if proper notice of a motion under section 363(b) of the Bankruptcy Code is given, and there is not a timely objection, no hearing needs to be conducted. *In re Telesphere Communications, Inc.*, 179 B.R. 544 (N.D. Ill. 1994); *In re Robert L. Hallamore Corp.*, 40 B.R. 181, 182-83 (Bankr. D. Mass. 1984).

23. The Debtor delayed filing this Motion to give the Committee and U.S. Trustee time to review it and provide input. While the Debtor has not yet garnered complete support of all aspects of this Motion from the Committee or U.S. Trustee, the Debtor is hopeful the Committee and U.S. Trustee will support the relief sought herein.

6

WHD/7603368.14

Case 11-20059-svk    Doc 166    Filed 03/14/11    Page 6 of 8

24. For the reasons stated above, the Debtor seeks to (1) pay for certain therapy payments for Victims/Survivors, (2) honor the In-Settlement Victims/Survivors Settlement Agreements, and (3) participate in voluntary mediations with the Does.

### Notice

25. The Debtor will serve notice of this Motion on the Service List,[2] and the In-Settlement Victims/Survivors in the manner and with the same protection procedures as documents are delivered to In-Settlement Victims/Survivors in connection with the Archdiocese's Mediation Program. This means notices will be served on In-Settlement Victims/Survivors through Professor Soeka or Dr. Barbara Anne Cusack, Chancellor for the Archdiocese, or Dr. Cusack's designee. The Debtor submits that in light of the nature of the relief requested herein, no other or further notice need be given.

### No Prior Request

26. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully request the entry of an Order, substantially in the form submitted herewith, authorizing Debtor to (1) continue paying for certain psychological counseling and therapy for victims/survivors, (2) honor the In-Settlement Victims/Survivors Settlement Agreements, (3) participate in voluntary mediations with the Does and pay any costs incident thereto, and (4) granting such other and further relief as the Court deems just and appropriate.

---

[2] The term "Service List" shall have the same meaning ascribed to it in the Case Management Order [Docket No. 30].

Dated this 14th day of March, 2011.

ARCHDIOCESE OF MILWAUKEE
Debtor and Debtor-in-Possession
by its counsel,
Whyte Hirschboeck Dudek S.C.

By: /s/ Daryl L. Diesing
    Daryl L. Diesing
    State Bar No. 1005793
    Bruce G. Arnold
    State Bar No. 1002833
    Michael E. Gosman
    State Bar No. 1078872

POST OFFICE ADDRESS:
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com
      barnold@whdlaw.com
      mgosman@whdlaw.com