# Exhibit A

*Appendix G*

## Clergy Sexual Abuse Mediation System

### Agreement to Mediate

Case No. _____

Victim/Survivor _____

Perpetrator _____

The undersigned parties agree as follows:

    **1. Mediator.** The parties agree that ––––––––– will be the mediator in the above-referenced claim. The mediator, an attorney, <u>shall not</u> provide legal advice to the parties. If legal questions arise, the parties shall seek independent legal counsel.

    **2. Conflict of Interest.** No person shall serve as a mediator in any claim in which the person has any financial or personal interest in the result of mediation. Prior to accepting an appointment as a mediator, the prospective mediator shall disclose any circumstances likely to create a perception of bias or to delay the mediation. Upon such disclosure, the parties may agree to have another mediator appointed by the Intake Coordinator. During the course of the mediation, the mediator shall disclose any conflict of interest as soon as such conflict becomes know to the mediator. At that point, the parties may choose to waive the conflict in writing or the parties may agree to have another mediator appointed by the Intake Coordinator.

    **3. Authority of Mediator.** The mediator does not have the authority to impose settlement on the parties, but will assist them in reaching a satisfactory resolution. The mediator is authorized to conduct joint and separate meetings with the parties and to receive oral and written recommendations for settlement as necessary. The mediator may also seek expert advice regarding technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator in conjunction with the parties. The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation will not contribute to resolution of the dispute between the parties.

    **4. Location and Time.** The mediation shall be conducted in a location designated by the mediator that is convenient and acceptable to all parties. The mediator shall set a date and time for each mediation session, that is acceptable to all parties.

© 2004 Eva M. Soeka. All rights reserved.

## Clergy Sexual Abuse Mediation System

### Agreement to Mediate

5. **Termination of Mediation.** The mediation shall be terminated:
    A. by the execution of a settlement agreement by the parties;
    B. by a declaration of the mediator stating that further efforts at mediation will not contribute to the resolution of the dispute; or
    C. by a declaration of a party or parties stating that the mediation proceedings are terminated.

6. **Mediation Sessions.** The mediator may hold sessions with only one party. These private sessions or "caucuses" are designed to improve the mediators understanding of the participants' positions. Information gathered by the mediator through a caucus is confidential, unless the participant agrees to have it disclosed in a joint session.

7. **Confidentiality.** The confidentiality of the mediation process shall be governed by the Wis. Stat. § 904.085. The parties shall maintain the confidentiality of the mediation and shall not rely on or introduce as evidence in any subsequent proceeding, whether that proceeding is judicial, administrative, or arbitral, any of the following:
    A. views expressed or suggestions made by another party with respect to a possible settlement of the dispute;
    B. admissions made by another party in the course of the mediation proceedings;
    C. proposals made or views expressed by the mediator, or;
    D. the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator. The mediator will destroy his or her notes and/or written materials at the conclusion of the mediation.
    The confidential nature of the mediation encounter is to ensure that all participants can be as actively involved and candid as possible. The confidentiality of the sessions does not bind the victim/survivor from sharing reflections on the process or the contents of any final resolution agreement.

8. **Representation.** Any party to the mediation may be represented or accompanied by person(s) of the party's choice with the consent of the mediator and other parties. These person(s) may or may not be attorneys or advocates.

9. **Record.** There shall be no stenographic or other record (audio or video) made of the mediation process.

10. **Exclusion of Liability.** The mediator is not a necessary party in any subsequent proceeding relating to the mediation. Neither the Archdiocese of Milwaukee or any individual or entity working with the Archdiocese, nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under this agreement.

© 2004 Eva M. Soeka. All rights reserved.

## Clergy Sexual Abuse Mediation System

### Agreement to Mediate

**11. Expenses.** The services of the mediator are provided by the Archdiocese of Milwaukee. The Archdiocese of Milwaukee will not pay for any participant's attorney fees or any other costs of the parties associated with the mediation (e.g. mileage, lodging, wage loss, etc.).

Date: _____

Signed: _____
    (party or representative)

Signed: _____
    (party or representative)

Signed: _____
    (party or representative)

Signed: _____
    (party or representative)

© 2004 Eva M. Soeka. All rights reserved.