THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 30, 2011

Honorable Susan V. Kelley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE, | ) | Case No. 11-20059-SVK |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER RE JOINT MOTION OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS AND JEFFREY ANDERSON &
ASSOCIATES FOR AN ORDER PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004 DIRECTING THE ORAL
EXAMINATION OF BISHOP SKLBA, ARCHBISHOP WEAKLAND, AND
DANIEL BUDZYNSKI AND FOR PRODUCTION OF DOCUMENTS**

On August 12, 2001, this Court considered the "Joint Motion of Official

Committee of Unsecured Creditors' and Jeffrey Anderson & Associates for an Order

Pursuant to Federal Rule of Bankruptcy Procedure 2004 Directing the Oral Examination

James I. Stang (CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 100396)
Gillian N. Brown (CA Bar No. 205132)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
E-mail:     jstang@pszjlaw.com
            kbrown@pszjlaw.com
            gbrown@pszjlaw.com

1

of Bishop Sklba, Archbishop Weakland, and Daniel Budzynski and for Production of Documents" (Docket No. 340) (the "Joint Motion"), Robert L. Elliott's Joinder in the Joint Motion (Docket No. 347), the Response of Archbishop Rembert G. Weakland to the Joint Motion (Docket No. 363), the Debtor's Objection to the Joint Motion (Docket No. 364), the Reply filed by the Creditor Committee Official Committee of Unsecured Creditors in support of the Joint Motion (Docket No. 379) (the "Reply"), and Jeff Anderson and Associates' Response to the Debtor and Bishop Sklba's Assertions About Archbishop Weakland's 2008 Deposition (Docket No. 381). The Movant, the Official Committee of Unsecured Creditors, appeared by and through its counsel James I. Stang and Albert Solochek. The Archdiocese of Milwaukee, the Debtor, appeared by and through its counsel Daryl Diesing and Francis LoCoco. Certain Personal Injury Claimants appeared by and through their counsel Michael Finnegan. Archbishop Robert G. Weakland appeared by and through his counsel James Murray. Bishop Richard J. Sklba appeared by and through his counsel Patrick Brennan. The Court, having considered the foregoing pleadings and statements of counsel, hereby

ORDERS that the Joint Motion is granted in part and denied in part as follows:

IT IS ORDERED that Attorney Michael Finnegan will propound an interrogatory(ies) to determine whether the Debtor is aware of any witnesses whose age and/or medical condition dictate that the witnesses' testimony should be immediately preserved;

IT IS FURTHER ORDERED that the Debtor shall produce documents as follows:

On or before September 1, 2011, all documents described in Exhibit 1 to the Reply (Docket No. 379) to the extent the Debtor is required to review such documents

pursuant to the "Order Approving Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 331),

On or before September 23, 2011, all other documents described in Exhibit 1 to the Reply,

If the Debtor objects to the production of any of the foregoing documents, the objection shall comply with the Rule 34 of the Federal Rules of Civil Procedure in making such objections and stating the reasons therefore and, to the extent applicable to the objection, submit a privilege log, and serve such written objections and log (if applicable) on counsel for the Official Committee of Unsecured Creditors, Attorney Michael Finnegan, Attorney James Smith and Attorney Robert L. Elliottt;

IT IS FURTHER ORDERED that the Rule 2004 examinations of Bishop Sklba, Archbishop Weakland, and Daniel Budzynski (individually, the "Witness", collectively, the "Witnesses") may be scheduled during the weeks of October 17, 2011 and October 24, 2011 or such other times as approved by the Witness and the party taking the Rule 2004 examination; provided the Rule 2004 examination will occur at such times to ensure that the Court will be available to resolve any disputes ;

IT IS FURTHER ORDERED that the subject of the Rule 2004 examinations are limited to (1) who perpetrated sexual abuse in the Archdiocese of Milwaukee; (2) what the Debtor knew about that sexual abuse, when did the Debtor have that knowledge and what did the Debtor do in response to that knowledge; and (3) whether there are additional survivors of sexual abuse who have not received notice by first-class mail of the February 1, 2012 bar date for filing proofs of claim.  Nothing contained in this Order

limits any party's right to request an examination at a later date of the Witnesses regarding the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate or the Debtor's right to a discharge to the extent not specified in the foregoing sentence;

IT IS FURTHER ORDERED that these Rule 2004 examinations are the only Rule 2004 examinations of the Witnesses on the three foregoing subjects that may be taken by the Official Committee of Unsecured Creditors, the clients of Jeff Anderson & Associates PA, the clients of Attorney Robert Elliott and the clients of Attorney James Smith;

IT IS FURTHER ORDERED that the following procedures will apply to the Rule 2004 examinations:

The Rule 2004 examination of each Witness is limited to seven (7) hours (excluding breaks) and may be held over two consecutive days at the discretion of the Witnesses to be determined at the time of the examination;

The party taking the Rule 2004 examination shall notify the Court of the dates and times of the Rule 2004 examination to ensure that the Court will be available to resolve any disputes;

The Rule 2004 examinations may be videotaped;

The Rule 2004 examinations shall be taken pursuant to the *Order Approving Stipulation Regarding Confidentiality Agreement Between Debtor and Official Committee of Unsecured Creditors, and Their Respective Professionals* (Docket No. 230) entered on May 12, 2011. Moreover, only lawyers who have executed a Certificate of Compliance to be bound by the terms of the protective order shall be permitted to attend and question the Witnesses. Similarly, the documents that are being produced pursuant

to this order shall be produced subject to this same order referenced above and only lawyers who have executed a Certificate of Compliance to be bound by the terms of this order shall be provided copies of these documents.

Written transcripts of the Rule 2004 examinations shall be filed with the Court under seal and made accessible only to counsel for the parties in the case and counsel for any abuse survivor, subject to the requirement that said counsel will have filed a Certificate of Compliance to be bound by the terms of the order referenced in the preceding paragraph;

Subject to further order of the Court, the transcripts of the Rule 2004 examinations (written or video) shall not be made available to or disseminated to the public and shall not be posted on any websites (including but not limited to the Committee's website, the Kurtzman Carson Consultant's website, Committee counsel's website or the Jeff Anderson & Associates PA's website).

#####