IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE, | ) | Case No. 11-20059-SVK |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AFFIDAVIT OF DISINTERESTEDNESS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014; AND
AFFIDAVIT OF PAUL A. RICHLER IN SUPPORT OF APPLICATION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FED.
R. BANKR. P. 2014 FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT OF THE LAW OFFICES OF PAUL A.
RICHLER AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

I, Paul A. Richler, declare under penalty of perjury as follows, pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure:

1. I am a principal in the Law Offices of Paul A. Richler ("<u>Richler</u>"), which I opened on October 1, 2011. Previously, and since 1987, I was a partner in the Litigation Practice of Morgan Lewis & Bockius LLP ("<u>MLB</u>").[1] My business address is 15332 Antioch Street, Suite 305; Pacific Palisades, CA 90272. I am authorized by

---

[1] All terms not otherwise defined in this Affidavit shall have the meanings ascribed to them in the Application, defined below.

James I. Stang (CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 100396)
Gillian N. Brown (CA Bar No. 205132)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
       kbrown@pszjlaw.com
       gbrown@pszjlaw.com

DOCS_LA:245929.3 05058-003

Richler to make this affidavit in support of Richler's employment as special insurance counsel for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case").

2. I have personal knowledge of the facts stated in this affidavit. If called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief. As to those facts, I am informed and believe that they are true.

3. I submit this affidavit in support of the *Application of the Official Committee of Unsecured Creditors Pursuant to Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing and Approving the Employment of the Law Offices of Paul A. Richler as Special Insurance Counsel to the Official Committee of Unsecured Creditors* (the "Application").

4. In the Bankruptcy Case, Richler can provide the Committee with particular expertise in insurance issues.

5. The Committee has expressed interest in Richler rendering to the Committee in this case, among other things, the following insurance-related services:

    *a.* Insurance issues relating to any proposed plan(s) of reorganization(s), mediation(s), and/or settlement discussion(s);

    *b.* Negotiations with insurance companies having potential liability for the Debtor's tortuous acts;

2

*c.* A broad range of insurance issues, including, but not limited to, triggers for insurance coverage for sex abuse, limits of coverage, calculation of the number of occurrences of sex abuse, expected or intended defenses (i.e., coverage may not be available if the Debtor expected or intended the injuries to occur), and other insurance defenses;

*d.* Proposed insurance policy buybacks from the Debtor's insurance carriers;

*e.* Litigation of insurance coverage issues; and

*f.* Other issues as necessary to assist the Committee with respect to issues relating to the Debtor's insurance.

6. Richler has agreed with the Committee as follows with regard to its retention, subject to this Court's approval: (i) no retainer has been or will be paid to Richler; (ii) neither the Committee nor any of its members (or their representatives) shall be liable for any fees or costs that Richler incurs in this Bankruptcy Case; (iii) the Richler attorneys working on this Bankruptcy Case will be billed at a maximum hourly rate of $650.00; and (iv) Richler will seek reimbursement of expenses at its cost or as otherwise allowed by the Court. Richler seeks to reserve rights to make an application at a future time for compensation for its full hourly rates, in excess of $650.00 per hour that it charges other clients.

3

7. Richler understands that all of its fees and expenses are subject to Court approval.

8. Richler believes that it is qualified to represent the Committee in light of its extensive, prior experience in other diocesan bankruptcy cases, including retention and legal work as special counsel to the official committees of unsecured creditors in (i) (i) *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938-elp11); and (ii) *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560 (CSS)).

9. Attorney Kathy Freberg retained MLB in September 2006, while I was a partner at MLB, to analyze insurance coverage available to the Archdiocese of Milwaukee in connection with a claim pending against the Archdiocese of Los Angeles and the Diocese of Orange (California). As part of that representation, MLB also attended a mediation at which its client was adverse to the Archdiocese of Milwaukee. I am not aware of any conflict with Richler's proposed representation of the Committee in this bankruptcy case.

10. I have been personally involved as special insurance counsel in the *In re Society of Jesus, Oregon Province* and the *In re Catholic Diocese of Wilmington, Inc.* cases, and was involved in the Archdiocese of Los Angeles matter.

11. Richler has not received any retainer from any person, or any payment, or any promise of payment in relation to this case, during the one-year period

4

prior to the filing of the Debtor's petition. No post petition compensation has been paid or promised to be paid from a source other than the estate in this Bankruptcy Case. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs that Richler incurs in its representation of the Committee.

12. While still at MLB, MLB received a list of the Debtor's creditors and other persons identified as parties in interest in the Debtor's bankruptcy case. At my direction, employees of MLB processed through MLB's computerized conflict check system the Debtor's name as well as the names of the members of the Committee and each of the Debtor's property and casualty insurers that have been identified (the "<u>Conflicts Search List</u>"). A true and correct copy of the Conflicts Search List is attached hereto as **Exhibit A**. I reviewed the results of that processing. I concluded that MLB did not have any conflicts with any of the entities listed on the Conflicts Search List.

13. In addition, I have reviewed the list of entities set forth in **Exhibit A** and compared it to the clients of Richler. Based on that review, I have concluded that Richler does not have any conflicts with any of the entities listed on the Conflicts Search List.

14. Based on the process referred to above, to the best of my knowledge, information, and belief, I am informed and believe as follows:

    a. Neither Richler nor MLB has had previous contact or ties with the Debtor;

5

DOCS_LA:245929.3 05058-003

Case 11-20059-svk    Doc 478-1    Filed 11/14/11    Page 5 of 12

b. Neither Richler nor MLB provides services to any entity listed on the Conflicts Search List;

c. Neither Richler nor MLB is a creditor, an equity security holder, or an insider of the Debtor;

d. Neither Richler nor MLB is or was an investment banker for any outstanding security of the Debtor;

e. Neither Richler nor MLB was, within three years before the Petition Date, an investment banker for a security of the Debtor, or an accountant or consultant to such investment banker in connection with the offer, sale, or issuance of any security of the Debtor;

f. Neither Richler nor MLB is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of an investment banker of the Debtor;

g. Neither Richler nor MLB has an interest materially adverse to the interest of the Debtor or of any class of creditors or equity security holders by reason of any direct or indirect relationship with, connection with, or interest in, the Debtor or any investment banker, or for any other reason;

h. Except with respect to certain other bankruptcy engagements where Richler or MLB acts as a trustee for a debtor or as counsel to a debtor, neither

Richler nor MLB has any connection with the United States Trustee or persons employed by the Office of the United States Trustee; and

    i.  Neither Richler nor MLB was owed any sums by the Debtor for services rendered or costs advanced on behalf of the Debtor prior to the Petition Date.

    15.  Because of the nature of Richler's business, it is possible that I have personally provided and may in the future provide consulting services to parties listed on the Conflicts Search List, or to other creditors or parties in interest in the Debtor's bankruptcy case, which services are unrelated to any matter involving this Bankruptcy Case. However, to the best of my knowledge, none of those prior and current engagements or other dealings makes Richler an interested person under the bankruptcy laws. If Richler identifies a creditor or other party in interest of the Debtor's bankruptcy estate that I have previously, or will in the future be, providing services to in connection with this Bankruptcy Case, Richler will promptly disclose such information in writing to the Court and to the Office of the United States Trustee.

    16.  Richler is currently employed in unrelated cases, including bankruptcy cases, as special counsel, for which other counsel associated with this Bankruptcy Case may be involved. I believe that such connections do not give Richler an adverse interest to the Debtor and do not affect Richler's "disinterestedness" under 11 U.S.C. §327. As a partner in MLB, I or my partners have served in other matters where PSZJ also served, including, but not limited to, the following:

7

a. *In re Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939-LA 11) (PSZJ was counsel to the official committee of unsecured creditors; MLB was special counsel to that committee);

b. *In re Society of Jesus, Oregon Province* (Bankr. D. Or. 09-30938-elp11) (PSZJ was counsel to the official committee of unsecured creditors; MLB was special counsel to that committee);

c. *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del. 09-13560 (CSS)) (PSZJ is counsel to the official committee of unsecured creditors; MLB is special counsel to that committee); and

d. *In re Catholic Bishop of Northern Alaska* (Bankr. D. Ak., 08-00110-DMD) (PSZJ was counsel to the official committee of unsecured creditors and is now counsel to the settlement trustee; the settlement trustee employed MLB as special insurance counsel; I was associated in as special insurance counsel on October 1, 2011).

17. A true and correct copy of my resume is attached hereto as **Exhibit B**.

Dated this ____ day of November, 2011.

Paul A. Richler

Subscribed and sworn to before me
this ____ day of _____.

_____
Notary Public, State of California
My commission expires:_____.

PLEASE SEE ATTACHED

8

DOCS_LA:245929.3 05058-003

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1-6 below)
☐ See Statement Below (Lines 1-6 to be completed only by document signer[s], not Notary)

_____  _____
Signature of Document Signer No. 1     Signature of Document Signer No. 2 (if any)

State of California
County of __LOS ANGELES__

Subscribed and sworn to (or affirmed) before me on this __04th__ day of __NOVEMBER__ 20__11__,
by
(1) __PAUL A. RICHLER__,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
Signature of Notary Public

[Notary Seal: RAMANJEET SINGH, Commission # 1936154, Notary Public - California, Los Angeles County, My Comm. Expires May 13, 2015]

Place Notary Seal Above

--- OPTIONAL ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

Further Description of Any Attached Document

Title or Type of Document: __AFFIDAVIT OF DISINTEREST-EDNESS.__
Document Date: __11/04/2011__  Number of Pages: __11__

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

# EXHIBIT A
## Conflict Search List

Archdiocese of Milwaukee;
Bishop Sklba;
Timothy M. Dolan;
Dean Weissmueller;
Karen Konter;
Kevin Wester;
Charles Linnerman;
Peter Neels;
Executive Risk;
Catholic Knights Insurance Company;
Lloyd's;
Commercial Union Insurance Company;
Kemper Insurance Company;
U.S. Fire Insurance Company;
St. Paul Surplus Lines Insurance Company;
Chubb Group of Insurance Companies;
Stonewall Insurance Company;
Interstate Fire & Casualty Company;
Centennial Insurance Company;
Granite State Insurance Company;
International Surplus Lines Insurance Company;
Fireman's Fund Insurance Companies;
National Union Fire Insurance Company of Pittsburg;
Catholic Mutual Group;
General Accident Insurance Company of North America

# EXHIBIT B
# Resume of Paul A. Richler

**Paul A. Richler** is an attorney with over 30 years of experience. After almost 25 years, he retired from being a partner in Morgan, Lewis & Bockius's ("Morgan Lewis") litigation practice. Mr. Richler now practices law at the Law Offices of Paul A. Richler. His practice continues to focus on policyholder insurance recovery, insurance bad faith, and complex commercial disputes. At Morgan Lewis, Mr. Richler served on that firm's Governing and Advisory Boards, and headed the Los Angeles litigation practice for several years.

Mr. Richler's practice focuses on policyholder insurance recovery, insurance bad faith, and complex commercial disputes. Mr. Richler is a seasoned trial lawyer and has represented clients in numerous matters, including complex commercial disputes and insurance recovery disputes in asbestos and clergy abuse cases. Mr. Richler has successfully tried cases in state and federal courts, including both bench and jury trials.

In the clergy abuse area, Mr. Richler, as special insurance counsel for the Committee of Unsecured Creditors of the Society of Jesus, Oregon Province bankruptcy case, helped to achieve the largest settlement against any single insurance company on behalf of clergy abuse victims. He has also served as special insurance counsel in the bankruptcies of the Catholic Diocese of Wilmington, Inc., and has also represented the settlement trustee in the Catholic Bishop of Northern Alaska, including the successful mediation of abuse claims against an insurer. He also worked on the Archdiocese of Los Angeles abuse cases.

Mr. Richler is a member of the litigation sections of the State Bar of California and the American Bar Association.

He is admitted to practice in California and before several U.S. District Courts and before the U.S. Circuit Courts of Appeals for the Ninth Circuit.

Mr. Richler was born in Montreal, Canada. He attended McGill University in Montreal, Osgoode Hall Law School at York University in Toronto (LLB/JD, 1970) and the London School of Economics (LLM, 1971).

**Selected Representations**

- Representation of the Catholic Diocese of Wilmington, Inc., and the Society of Jesus, Oregon Province as special insurance counsel in the bankruptcy cases of those entities. In the Society of Jesus, Oregon Province case, Mr. Richler was instrumental in negotiating a settlement of $118 million against one insurer, despite the fact that the insurer had previously entered into a settlement agreement with the Province that purported to release all rights to

insurance for the claims of about half of the abuse claimants against the Province.
- Representing Fremont General Corporation in multi-month trial brought by the attorney-general of the State of California that led to the exoneration of Fremont General. Mr. Richler also successfully handled the appeal by the Attorney-General of an award of almost $1 million in costs.
- As part of team at Morgan Lewis, representing Thorpe Insulation Company in bankruptcy courts in asbestos litigation as special insurance counsel and in state court insurance recovery litigation against numerous insurers. The settlements with insurers in that case to date have totaled hundreds of millions of dollars.
- With another Morgan Lewis partner, as well as associate and paralegals, representing several clients at trial in San Francisco Superior Court, that are pursuing alter ego and other related claims against Zurich Insurance Company based on Zurich's "recapitalization" of the Home Insurance Company. That case has not yet been resolved.
- Representing the CEO of an investment incubator company in a multi-week jury trial of claims by shareholders for breach of fiduciary duty and other claims arising from market losses. The trial resulted in the complete exoneration of the client.

11