UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                  Chapter 11
Archdiocese of Milwaukee,                                               Case No. 11-20059-svk
                    Debtor.

**MEMORANDUM DECISION ON DEBTOR'S OBJECTION TO CLAIM NO. 131 FILED BY CLAIMANT A-49**

The Archdiocese of Milwaukee (the "Debtor") objected to Proof of Claim number 131 (the "Claim") filed by an individual who will be referred to in this decision as Claimant A-49.[1] The Debtor moved for summary judgment, arguing that the Claim should be disallowed because the Debtor and Claimant A-49 participated in pre-petition mediation, resulting in a settlement agreement and release. The Debtor also contends that the Claim is time-barred under Wisconsin's Statute of Limitations.

The summary judgment motion was fully briefed, and the Court heard oral argument on the motion on February 9, 2012.[2] After consideration of the written submissions and the argument of counsel, the Court issued an oral ruling at the hearing, which is memorialized by this decision. For the reasons stated below, the Court grants the Debtor's Motion for Summary Judgment and disallows the Claim.

**I.      BACKGROUND**

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 4, 2011. On October 7, 2011, Claimant A-49 filed the Claim, alleging that Father

---

[1] Claimant A-49 will be referred to by number as opposed to by name pursuant to the Order Authorizing Special Confidentiality Procedures to Protect Abuse Survivors. (Order, Docket No. 327).

[2] The Court also heard argument on whether the Claims A-12 and A-13 should be disallowed under the Statute of Limitations. The Court ruled on this argument at the hearing and will address this issue in a separate written decision.

David Hanser, Associate Pastor of St. John Vianney Parish in Brookfield, Wisconsin, sexually abused Claimant A-49 in 1977 or 1978, when Claimant was 7 years old. The Claim indicates that the Debtor established a mediation program for victims of clergy sexual abuse, and that Claimant A-49 participated in the mediation program and settled his claim for $100,000. In January 2007, the Debtor and Claimant A-49 executed an Agreement and Mutual Release (the "Settlement Agreement"). (Affidavit of Francis LoCoco, Exh. A, filed 12/20/11 under seal).

On December 20, 2011, the Debtor filed an Objection to the Claim, urging disallowance under 11 U.S.C. § 502(b)(1) because the Claim is "unenforceable against the debtor . . . under any agreement or applicable law." The Debtor also moved for summary judgment, claiming that even if all factual allegations are presumed true, the Claim cannot be allowed as a matter of law. The Debtor argued that under the Settlement Agreement, Claimant A-49 released the Debtor from any and all liability for any action described in the Claim.[3]

In response, Claimant A-49 asserted that the Debtor procured his assent to the Settlement Agreement by making fraudulent misrepresentations during the mediation session. In support of his assertions, Claimant A-49 submitted an Affidavit stating that during the mediation session, the Debtor's representative advised Claimant A-49 that "the first report the Archdiocese received was in the mid to late 1980's when a family came forward to report that Hanser abused the boys in the family." (Affidavit of Claimant A-49, filed 1/11/12 under seal). Claimant A-49 also attested that the Debtor's representative told him during this mediation session "that no one else from St. John Vianney Parish reported that he or she was sexually abused by Hanser." (*Id.*) According to Claimant A-49, these assertions are untrue. Claimant A-49 goes on to conclude in his Affidavit: "I believed that [the Debtor's representative] was telling the truth during

---

[3] The Debtor also contended that § 893.54(1) of the Wisconsin Statutes bars the Claimant's negligence based claims, and that § 893.93(1)(b) of the Wisconsin Statutes bars the Claimant's fraud based claims.

2

mediation when I asked her about Hanser's history and other abuse at St. John Vianney. Both of these answers were very important to me." (*Id.*)

## II. JURISDICTION

Allowance of proofs of claim falls within the core jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334 and 157(b)(2)(B). Unlike the entry of a final order on a State law counterclaim, allowance of claims was not deemed unconstitutional in *Stern v. Marshall*, 131 S. Ct. 2594, 2614 (2011). In *Stern,* the Supreme Court reaffirmed that bankruptcy courts have the authority to restructure the debtor-creditor relationship and determine "creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." *Id.* Moreover, at the February 9, 2012 hearing, Claimant A-49, the Debtor, and the Creditors' Committee all consented to this Court's entry of a final order on the Debtor's Motion for Summary Judgment. Accordingly, this Court has authority to enter a final order disallowing the Claim.[4]

## III. DISCUSSION

### A. Summary Judgment Standard.

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, and should be granted if the Debtor can establish that there is no genuine issue of material fact and that the Debtor is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are facts that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court should grant the Debtor's summary judgment motion if Claimant A-49 has failed to establish an essential element of his

---

[4] Under 28 U.S.C. § 157(b)(5), personal injury tort claims shall be tried in the district court. However, in *Stern v. Marshall,* the Supreme Court confirmed that this provision is waivable. *Stern*, 131 S. Ct. at 2608. Furthermore, an objection to the legal validity of a personal injury tort claim, such as the objection made here, does not fall within the personal injury exception to the core jurisdiction of the Bankruptcy Court. *In re UAL Corp.*, 310 B.R. 373 (Bankr. N.D. Ill. 2004)

case on which Claimant A-49 will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.,* 277 F.3d 882, 893 (7th Cir. 2001). "[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment." *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004).

> B. **Claimant A-49 Failed to Establish an Essential Element of his Claim.**

It is undisputed that the Debtor and Claimant A-49 entered into a Settlement Agreement under which Claimant A-49 agreed to release the Debtor from all claims in exchange for a monetary payment. Entering into a settlement agreement and executing a release represents a "serious contractual undertaking, and policy dictates that the terms contained therein be accorded a strong presumption of validity by the Court." *In re WorldCom, Inc.*, 296 B.R. 115, 120 (Bankr. S.D.N.Y. 2003). In *WorldCom,* the debtor sought disallowance of a creditor's claim because the debtor and creditor had entered into a pre-petition settlement agreement. Like Claimant A-49, the creditor in *WorldCom* argued that he had been fraudulently induced into entering into the settlement. Relying on New York law, the *WorldCom* court rejected the creditor's claim for fraud in the inducement. The bankruptcy court cited *Joint Venture Asset Acquisition v. Zellner*, 808 F. Supp. 289, 302 (S.D.N.Y. 1992), in which the court identified the five elements of fraud in the inducement:

> A plaintiff or counterclaimant must establish five distinct elements of fraud to set aside a release or waiver:
>
> (1) there was a misrepresentation or active wrongful concealment of a material fact;
>
> (2) the representation was in fact false and was known to be at the time it was made or the concealment was intentional;

4

> (3) the misrepresentation was made for the purpose of inducing plaintiff to rely on it or the concealment was done to mislead the plaintiff;
>
> (4) plaintiff did, in fact, rely on the misrepresentation or she would have acted differently had she known of the concealment; and
>
> (5) plaintiff was caused injury as a proximate result of the misrepresentation or concealment.

Wisconsin law is indistinguishable. According to the Wisconsin Supreme Court, the elements of a claim of fraud in the inducement are much the same as the elements for a claim of intentional misrepresentation, but "phrased in the specific context of misrepresentations that induce a party to enter into a contract." *Kailin v. Armstrong*, 2002 WI App 70, ¶ 31 n. 21, 252 Wis. 2d 676, 643 N.W.2d 132; *see also Digicorp, Inc. v. Ameritech Corp.*, 2003 WI 54, ¶ 52, 262 Wis. 2d 32, 662 N.W.2d 652 (to prove fraud in the inducement, all elements to prove intentional misrepresentation must be established,[5] and the misrepresentation must have occurred before the formation of the contract). Under Wisconsin law, the elements of a fraud in the inducement claim are: "a statement of fact that is untrue, made with the intent to defraud, and for the purpose of inducing the other party to act on it, which the other party relies on to his or her detriment, where the reliance is reasonable." *Kailin*, 2002 WI App 70, ¶ 31, 252 Wis. 2d 676, 643 N.W.2d 132.

It is black-letter Wisconsin law that "a false representation must be relied and acted upon in order to be actionable." *Peters v. Kell*, 12 Wis. 2d 32, 42-43, 106 N.W.2d 407, 414 (1960) (holding that failure to rely on a false statement was fatal to a cause of action for fraud); *see also*

---

[5] *See, e.g.*, *Kaloti Enters. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 699 N.W.2d 205 ("To state a claim for intentional misrepresentation, the following allegations must be made: (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment. . . .") (citation and quotations omitted).

*Lewis v. Paul Revere Life Ins. Co.*, 80 F. Supp. 2d 978, 999 (E.D. Wis. 2000) ("The third element of misrepresentation is reliance: the plaintiff must prove that it relied upon the defendant's representations and was damaged by that reliance."); *Engel v. Van Den Boogart*, 255 Wis. 81, 84-85, 37 N.W.2d 852, 854 (1949) ("To constitute a fraud by false representation entitling the respondent to relief, there must have been a false representation which he believed to be true. It must appear that he relied upon it and was deceived thereby."); *Hennig v. Ahearn*, 230 Wis. 2d 149, 164, 601 N.W.2d 14, 22 (Ct. App. 1999) ("In order to prevail on any misrepresentation claim, [plaintiff] must establish both that [defendant] made a representation of fact that was untrue, and that [plaintiff] justifiably relied on the misrepresentation.").

Claimant A-49 asserts that the two allegedly untrue statements made by the Debtor's representative during the mediation are sufficient to invalidate the Settlement Agreement on the grounds of fraud in the inducement. Initially, the Court questions the admissibility of these statements, as they were made in the context of a confidential mediation session. To merit consideration, the statements must fall within the exception to the mediation privilege set forth in Wis. Stat. § 904.085. Subsection (e) provides: "the court may admit evidence otherwise barred by this section if, after an *in camera* hearing, it determines that admission is necessary to prevent a manifest injustice of sufficient magnitude to outweigh the importance of protecting the principle of confidentiality in mediation proceedings generally." No such *in camera* review was requested here, and the Debtor did not have an opportunity to respond to the allegations about the statements made at the mediation. However, even if Claimant A-49 followed the proper procedure to bring the statements to the Court's attention, and the Court admitted the statements into evidence, the fraudulent inducement claim here fails for lack of a required element.

In his Affidavit, Claimant A-49 simply asserts that he believed the allegedly fraudulent statements, and the statements were "very important" to him.  Not once does he allege that if he knew the statements were not true, he would not have entered into the Settlement Agreement.  He does not state that he relied on the statements in deciding to settle with the Debtor.  He does not represent that he would have acted differently if he had known the truth.  There are dozens of ways to describe the concept of reliance on a false representation, but the Affidavit in this case does not mention even one.  At oral argument, his attorneys contended that Claimant A-49's statement that he "believed" the misrepresentations suffices to create a factual dispute about his reliance.  The Court rejects this contention because the law requires that the claimant both believe *and* rely upon misrepresentations to his detriment.  *Digicorp*, 2003 WI 54, ¶ 52 n. 10, 262 Wis. 2d 32, 662 N.W.2d 652.  Claimant A-49 failed to produce evidence sufficient to establish a disputed issue of material fact on whether he relied on the alleged misrepresentations.  This is a critical element of his case for fraudulent inducement, on which he would bear the burden of proof at trial.  When a party is unable to identify specific facts establishing that a genuine issue for trial exists, summary judgment is appropriate.  *See Bilow*, 277 F.3d at 893; *see also WorldCom,* 296 B.R. at 123-24 (refusing to invalidate a settlement agreement when the creditor failed to allege fraud in the inducement of the settlement agreement with any degree of particularity).

Because Claimant A-49 has not presented any evidence of his reliance on the alleged fraudulent statements, the Settlement Agreement must be honored, and Claimant A-49 is bound by the release that he signed.  Accordingly, the Debtor's Motion for Summary Judgment should be granted, and the Proof of Claim filed by Claimant A-49 should be disallowed.  The Court is aware that there are other claimants who have entered into settlement agreements with the

7

Debtor. This ruling does not necessarily mean that they cannot assert a fraudulent inducement claim. However, the proper *in camera* procedure should be followed to disclose the contents of any mediation sessions, and all required elements of a fraudulent inducement claim must be validly stated.

## IV. CONCLUSION

For the foregoing reasons and those stated on the record at the February 9, 2012 hearing, the Debtor's Motion for Summary Judgment on Claimant A-49's Proof of Claim is granted, the Debtor's Objection is sustained, and the Claim is disallowed. A separate Order will be entered.

Dated: February 17, 2012

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge