UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                              Chapter 11
Archdiocese of Milwaukee,                          Case No. 11-20059-svk
          Debtor.

**MEMORANDUM DECISION**

On January 22, 2014, over three years into this bankruptcy case, Commercial Union Insurance Company n/k/a OneBeacon Insurance Company ("OneBeacon") filed a motion to terminate the automatic stay to allow the continuation of insurance coverage litigation in the Wisconsin Supreme Court. The Archdiocese of Milwaukee (the "Debtor") objected to the motion, and OneBeacon responded. A hearing was held on March 12, 2014, and the Court urged the parties to reach an agreement that would temporarily maintain the stay, with OneBeacon agreeing to continue to pay certain limited legal fees going forward, while reserving all rights to contest insurance coverage. The parties were unable to agree, and the Court therefore issues this Memorandum Decision constituting the Court's findings of fact and conclusions of law.

1. Background and Facts

The litigation in this case started when a number of victims of clergy sexual abuse filed a series of Milwaukee County Circuit Court lawsuits against the Debtor claiming negligence, negligent misrepresentation and fraud. OneBeacon moved to intervene in thirteen cases and requested a declaration that there was no insurance coverage for the negligent misrepresentation claims. (Motion Relief from Stay (hereinafter "Mot.") ¶¶ 7–8). The Circuit Court for Milwaukee County ruled for OneBeacon and denied coverage, finding that the allegations in the complaints did not demonstrate "occurrences" as defined by the insurance policy. (Mot. ¶ 9). The Debtor appealed.

On November 23, 2010, the Wisconsin Court of Appeals affirmed and held that there is no insurance coverage under the OneBeacon policies for the negligent misrepresentation claims against the Debtor. (Mot. ¶ 10). The Court of Appeals determined that the Debtor's alleged actions were volitional, and, therefore, did not constitute accidents qualifying for policy coverage. (*Id.*). On December 23, 2010, the Debtor filed a petition for review with the Wisconsin Supreme Court. (Mot. ¶ 11). OneBeacon's response was due on January 10, 2011, but the Debtor filed its Chapter 11 petition on January 4, 2011, activating the automatic stay. (Mot. ¶ 12). OneBeacon did not immediately seek relief from stay to respond to the petition for review. OneBeacon waited until January 22, 2014 to file its motion. On February 12, 2014, the Debtor filed its Chapter 11 plan, proposing to establish an "Insurance Litigation Trust" and vest discretion to pursue the insurance coverage claims against OneBeacon in an "Insurance Litigation Trustee."[1] (Plan ¶¶ 7.2, 7.8).

2. Analysis

The Bankruptcy Code's stay of creditor actions comes into effect automatically when a bankruptcy petition is filed. 11 U.S.C. § 362(a). The stay protects debtors by avoiding a piecemeal dissection of the debtor's property and provides a breathing spell to enable the debtor to implement an organized, comprehensive solution to its financial problems. *See, e.g, Dawson v. Wash. Mut. Bank (In re Dawson)*, 390 F.3d 1139 (9th Cir. 2004), *cert. denied*, 546 U.S. 927 (2005). In appropriate circumstances, creditors can obtain relief from the stay to protect them

---

[1] One dispute that will not be administered by the Insurance Litigation Trustee is an adversary proceeding filed by the Debtor against OneBeacon seeking reimbursement of legal fees and costs incurred prior to September 27, 2012. At OneBeacon's request, the district court withdrew the reference of the adversary proceeding. Although the same parties are involved, the district court adversary proceeding does not impact this motion for relief from stay and vice-versa. OneBeacon conceded at the hearing that the district court adversary proceeding involves OneBeacon's responsibility for the prior defense costs, while this proceeding impacts the ultimate issue of insurance coverage and future defense costs. OneBeacon and the Debtor agree that OneBeacon has been paying certain post-September 27, 2012 defense costs, and will continue to do so.

from the inevitable delay accompanying a bankruptcy filing. While secured creditors attempting to reach their collateral are the most common examples of creditors seeking stay relief, unsecured creditors and parties to litigation with the debtor also can apply to the bankruptcy court to lift the stay. In such circumstances, Bankruptcy Code § 362(d)(1) provides that the court can modify the stay for "cause."

The issue before this Court is whether cause has been shown that the automatic stay should be modified to allow the Wisconsin Supreme Court appeal to proceed. The leading case on lifting the stay to permit the continuation of litigation is *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991). In *Fernstrom*, the Seventh Circuit Court of Appeals directed the bankruptcy court to balance the costs and benefits of maintaining the stay. *Id.* at 735. Under the *Fernstrom* balancing test, the court should consider whether: (1) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (2) the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) the creditor has a probability of prevailing on the merits. *Id*.

Notably, "cause" under this analysis "is determined on a case-by-case basis." *Id.* (quoting *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990). Based on the case-specific nature of the analysis, the *Fernstrom* test is not a factor test requiring the Court to engage in "checking off a list of 'factors' from other cases." *In re Comdisco, Inc.*, 271 B.R. 273, 276 (Bankr. N.D. Ill. 2002); *see also In re Synthroid Mktg. Litig.*, 264 F.3d 712, 719 (7th Cir. 2001) (noting that "a list of factors without a rule of decision is just a chopped salad"). Accordingly, this Court should balance the specific hardships in this case in determining whether to grant OneBeacon's motion.

OneBeacon first argues that it is prejudiced by the three-year delay in enforcing the Wisconsin Court of Appeals' favorable decision. (Mot. ¶¶ 2, 10). OneBeacon also contends that since insurance coverage was denied by the state court, the Debtor has no basis for considering

the OneBeacon insurance proceeds as an asset of the estate. (OneBeacon Reply ¶¶ 18-20). OneBeacon concludes that the Debtor's reorganization efforts are not harmed by the termination of the stay. (Reply ¶ 19).

Relief from the automatic stay in the context of insurance claims was specifically at issue in *Fernstrom*. After fire destroyed computer equipment owned by International Business Machines ("IBM"), IBM filed suit against Fernstrom in federal district court, unaware that Fernstrom had filed bankruptcy almost two years earlier. *Fernstrom*, 938 F.2d at 732. IBM remained oblivious to the bankruptcy case for six years while the litigation continued. *Id*. On the eve of trial, when it learned about the bankruptcy, IBM sought, and the bankruptcy court granted, relief from stay. *Id.* at 733. The court of appeals affirmed, concluding that because the district court action was at an advanced stage before Fernstrom even notified the district court and IBM of the bankruptcy, the balance shifted toward modifying the stay. *Id.* at 737. Also, IBM agreed to confine its claim for damages to Fernstrom's insurance coverage limits, further reducing the prejudice to Fernstrom or its bankruptcy estate. *Id.* at 736; *see also In re Holtkamp*, 669 F.2d 505, 509–10 (7th Cir. 1982) (allowing civil action to progress did not jeopardize the bankruptcy estate because insurance company assumed financial responsibility).

This case is different. Although the proceedings in the Milwaukee County Circuit Court and Wisconsin Court of Appeals are over, the appeal proceedings in the Wisconsin Supreme Court have only just begun. There is no suggestion that OneBeacon was ever unaware of the Debtor's bankruptcy case and would now suffer great prejudice if the appeal is suddenly stayed. Neither OneBeacon nor the Wisconsin Supreme Court have incurred any time or expended any resources in dealing with the appeal, unlike IBM and the *Fernstrom* district court.

On the other hand, the Debtor recently filed a Chapter 11 plan dedicating the Debtor's rights in the appeal to the Insurance Litigation Trustee. If this Court lifts the stay and allows the

4

appeal to proceed, the Debtor, not the Insurance Litigation Trustee, will be saddled with the time and expense of pursuing the appeal, at a critical juncture in this Chapter 11 case, when the Debtor should be focused on negotiating with the creditors to achieve confirmation of the plan. *See Comdisco*, 271 B.R. at 280 (noting that "absent a compelling reason, it would be irresponsible and subversive of the purpose of the automatic stay to allow any resources and attention of the Debtor to be diverted to other matters not directly related to its reorganization"). Along with wasting the estate's precious resources, allowing the state court appeal to continue without guidance from the Insurance Litigation Trustee derives the abuse survivors -- the ultimate beneficiaries of the insurance coverage litigation -- of input into strategic decisions about the litigation. The Court concludes that the cost and distraction suffered by the Debtor and the estate along with the potential prejudice to the abuse survivors outweighs the prejudice to OneBeacon caused by the additional delay in reaching a final determination from the Wisconsin Supreme Court on this important insurance coverage issue.

The main hardship to One Beacon in this case is not the <u>denial</u> of its rights, but the <u>delay</u> in receiving a final order on the issue of insurance coverage for the fraudulent misrepresentation claims. How prejudicial and burdensome can this delay be when OneBeacon waited over three years to seek relief from the stay? OneBeacon's own timing suggests that the delay is not completely untenable. And the delay is not permanent: the Debtor conceded that the automatic stay will terminate at plan confirmation. The confirmation hearing is currently scheduled for October 2014. Under the circumstances of this complex case, this short additional extension of the stay while the case proceeds to confirmation ameliorates the consequences of the delay suffered by OneBeacon. *See Comdisco*, 271 B.R. at 277 (finding that a short delay of five or six months mitigated the prejudice to the plaintiff resulting from the delay caused by the automatic stay).

OneBeacon also argues that maintaining the stay will cause OneBeacon to incur additional defense costs. (Mot. ¶ 21). Although the parties were unable to reach a consensus on OneBeacon's responsibility for defense costs going forward, as discussed at the hearing, the future defense costs are limited to claim objection proceedings, and those proceedings are virtually complete. In fact, on June 2, 2014, the last pending claim litigation was argued in the Seventh Circuit Court of Appeals, and OneBeacon's defense costs between now and plan confirmation, when the stay will terminate, should be minimal.

Finally, OneBeacon asserts in its reply brief that *In re Williams*, 144 F.3d 544, 550 (7th Cir. 1998), stands for the proposition that the stay should be lifted when "all roads lead to the state court." However, OneBeacon neglected to include the entire quotation, which begins, "Indeed, in a case like this." *Id.* In *Williams*, a debtor involved in an eviction action filed a Chapter 13 bankruptcy petition three days before a hearing on a motion for summary judgment. *Id.* at 545. The Chicago Housing Authority sought to allow the state court to determine whether the debtor had a right to possession of the leased premises and whether the lease had any value under her plan. *Id.* at 545-46. The court of appeals found that modifying the stay was proper under the circumstances because if the stay had not been lifted, the bankruptcy court likely would have been called upon to interpret and apply state landlord-tenant law, impeding judicial efficiency and encouraging forum shopping. *Id.* at 550.

No such concerns exist in this case. In the near future, assuming the plan is confirmed, OneBeacon can return to the state court and litigate with the Insurance Litigation Trustee, if the Trustee decides to pursue the appeal. Temporarily maintaining the stay will not result in this Court becoming embroiled in deciding the insurance coverage issues that have been ably and thoroughly litigated in the state court. There is no "eve-of-trial" consideration to weigh. OneBeacon's motion would have been more compelling if the Chapter 11 case had been filed on

the eve of a critical hearing in the Circuit Court for Milwaukee County, but instead it was filed after the Debtor filed a petition for review in the Wisconsin Supreme Court. In sum, the burdens facing OneBeacon, mainly future defense costs and delay in reaching a final judgment, do not outweigh the hardships to the Debtor and the estate in pursuing the Wisconsin Supreme Court appeal at this critical point in the bankruptcy process.[2]

### 3. Conclusion

For these reasons, OneBeacon's motion to terminate the stay should be denied. If confirmation of the Debtor's plan is delayed much beyond the currently scheduled October hearing dates, OneBeacon may renew its motion. The Court will enter an Order consistent with this Decision.

Dated: June 5, 2014

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

---

[2] The final prong of the *Fernstrom* balancing test—the probability of OneBeacon prevailing on the merits—favors OneBeacon, the successful party in the state court litigation. But this factor alone does not outweigh the other considerations favoring the Debtor and the estate.