UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re  
Archdiocese of Milwaukee,  
        Debtor.

Chapter 11  
Case No. 11-20059-svk

**MEMORANDUM DECISION**
**DISALLOWING CLAIM 382 FILED BY CLAIMANT A-270**
**AND CLAIM 512 FILED BY CLAIMANT A-397**

In 1968, William Effinger, a priest at St. Mary's Catholic Church in Kenosha, Wisconsin, sexually abused an 8-year old girl. (CM/ECF Docket No. 2833, Ex. A.) She has requested anonymity in this bankruptcy case, and this Decision will refer to her as A-270. For 24 years, A-270 did not report the abuse to the Archdiocese of Milwaukee (the "Debtor" or the "Archdiocese"). (*Id.*) In 1993, she sued Effinger, St. Mary's and the Debtor. *John BBB Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94 (Wis. 1997). The Circuit Court for Milwaukee County granted summary judgment dismissing A-270's lawsuit "with prejudice and on the merits" based on the statute of limitations and public policy grounds. (*Id.*; Docket No. 2833, Ex. C.) In 1997, the Wisconsin Supreme Court affirmed the dismissal. Despite the fact that her claims against the Debtor had been dismissed with prejudice twenty-five years earlier, A-270 filed Claim No. 382 in the Debtor's bankruptcy case seeking payment for the abuse she suffered.

Between 1960 and 1962, George Nuedling, a priest at St. Rita's School in West Allis, Wisconsin, sexually abused a 13-year old boy ("A-397"). (Docket No. 2833, Ex. B.) A-397 never contacted the Debtor to report his abuse. (*Id.*) Forty-one years later, in 2003, he sued the Debtor for negligence and fiduciary fraud. (Docket No. 2992-1.) A-397's lawsuit was consolidated with nine other suits against the Debtor, and on April 23, 2003, the Circuit Court

1

for Milwaukee County dismissed Claimant A-397's claims and the other nine lawsuits "on the merits and with prejudice." (Docket No. 2833, Ex. D.)  Although A-397 originally appealed the circuit court's decision, he later voluntarily dismissed the appeal. (Docket No. 3006 at 3.)  One of the original ten plaintiffs appealed to the Wisconsin Supreme Court, which affirmed the dismissal on the grounds that the plaintiff could not demonstrate that the Debtor knew or had a basis for knowing that Nuedling was an abuser prior to 1980.  *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 57, 284 Wis. 2d 307, 700 N.W.2d 180.  A-397 filed Claim No. 512 in the Debtor's bankruptcy case arising from his abuse.

Based on the dismissal with prejudice of the Claimants' state court lawsuits, the Debtor objected to the proofs of claim filed by A-270 and A-397 and moved for summary judgment. The parties fully briefed the summary judgment motions, and the Court heard oral argument on the motions on March 4, 2015.  After considering the affidavits, pleadings, evidence and arguments of counsel, the Court issued a preliminary oral ruling at the hearing, which is memorialized by this Memorandum Decision.

## I. JURISDICTION

Deciding objections to proofs of claim falls within the core jurisdiction of the bankruptcy court under 28 U.S.C. §§ 1334 and 157(b)(2)(B).  Unlike the entry of a final order on a State law counterclaim, allowance of claims was not deemed unconstitutional in *Stern v. Marshall*, 131 S. Ct. 2594, 2614 (2011).  In *Stern*, the Supreme Court reaffirmed that bankruptcy courts have the authority to restructure the debtor-creditor relationship and determine "creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." *Id.*  Accordingly, this Court can enter a final order on the Debtor's motions for summary judgment, as opposed to proposing findings of fact and conclusions of law for consideration by the district court.

## II. ANALYSIS

### a. Summary Judgment Standard

Summary judgment is governed by Rule 7056 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 56 of the Federal Rules of Civil Procedure, and should be granted if the movant can establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In this case, no issue of fact exists. The only question presented is one of law: whether the legal principle of claim preclusion requires the disallowance of the proofs of claim filed by A-270 and A-397.

### b. A-270's and A-397's Claims Must be Disallowed Based on the Doctrine of Claim Preclusion

Section 502(b) of the Bankruptcy Code requires that in considering an objection to a creditor's claim, the bankruptcy court:

> after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1). The Supreme Court has stated that § 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). The Court also noted that "when the Bankruptcy Code uses the word 'claim' -- which the Code itself defines as a 'right to

3

payment,' 11 U.S.C. § 101(5)(A) -- it is usually referring to a right to payment under state law." *Id*. at 451.

Bankruptcy courts, like all federal courts, must give "preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Therefore, "[b]ankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction." *Id*. at 695; *see also Adams v. Adams*, 738 F.3d 861 (7th Cir. 2013) (bankruptcy courts cannot allow re-litigation of issues and claims already resolved by other courts).

This Court examined the doctrine of claim preclusion in *Fischer v. Bank of Am., N.A. (In re Fischer)*, 483 B.R. 877, 884-86 (Bankr. E.D. Wis. 2012). The doctrine provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* at 884 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981)). Wisconsin courts recognize that when the doctrine applies, it bars all matters that either were litigated or that might have been litigated in a prior proceeding. *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 19, 279 Wis. 2d 520, 694 N.W.2d 879. The policy behind claim preclusion is to provide "an effective and useful means to establish and fix the rights of individuals, to relieve parties of the cost and vexation of multiple lawsuits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication. The doctrine of claim preclusion recognizes that endless litigation leads to chaos; that certainty in legal relations must be maintained; that after a party has had his day in court, justice, expediency, and the preservation of the public tranquility requires that the matter be at an end." *Id*. at ¶ 20 (internal quotations omitted).

4

In Wisconsin, claim preclusion has three elements: (1) an identity between the parties or their privies in the suits; (2) the prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) an identity of the causes of action in the suits. *Id*. at ¶ 21. The party asserting the applicability of claim preclusion bears the burden of proof. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 16, 252 Wis. 2d 1, 643 N.W.2d 72 (citing *Alexopoulos v. Dakouras*, 179 N.W.2d 836, 838-39 (Wis. 1970)).

Here, A-270 and A-397, the plaintiffs in the state court lawsuits, are the same parties who filed the Claims against the Debtor. Therefore, the first element of claim preclusion, requiring identity of the parties, is satisfied.

The second element requires that the prior litigation ends with a court of competent jurisdiction entering a final judgment on the merits. The Claimants argue that their cases were dismissed based on the statute of limitations, not a decision on the merits. (Docket No. 2991 at 4-5.) They cite *Paul v. Skemp*, 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860, to support their position. In that case, the Wisconsin Supreme Court analyzed when the statute of limitations begins to accrue, but it did not address claim preclusion nor interpret the phrase "on the merits." In construing a defense based on claim preclusion, no court has distinguished between a dismissal on the merits and a dismissal based on the statute of limitations. *See Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("Statutes of limitations do present a variation on that theme because they are not on the merits in the sense that the underlying substantive claim has been adjudicated. Rather, the passage of time precludes testing whether the claim would otherwise have been valid. Nevertheless, for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits."); *Smith v. Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) ("Dismissals based on laches

5

or the running of a statute of limitations preclude a second action based on the same claim brought in the same system of courts.").

Under Wisconsin law, when a party fails to comply with the statutes governing procedure in civil actions, the court "may make such orders in regard to the failure as are just . . . Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order." Wis. Stat. § 805.03. A-270's dismissal order states: "Judgment is hereby entered dismissing this case with prejudice and on the merits . . . ." (Docket No. 2833, Ex. C) (emphasis added). A-397's dismissal order indicates that the "consolidated cases are hereby dismissed with prejudice and on the merits." (*Id.*, Ex. D) (emphasis added). Since both A-270's and A-397's state court lawsuits resulted in final judgments on the merits, the second element of claim preclusion is satisfied.

The third element requires an identity of the causes of action in the two suits. A-270 argues that the causes of action in her lawsuit and proof of claim are different and also that her current fraud claims do not arise from the same factual scenario as her earlier negligence claims. (Docket No. 2991 at 5, 6.) (A-397 does not contest that this element is met in his case.) A-270's proof of claim accuses the Debtor of fraud. (*Id.* at 5.) A-270's state court suit alleged negligent employment, training and supervision as well as failure to report abuse, but she did not claim fraud. (*Id.*) Because these causes of action require proof of different elements, she concludes that the doctrine of claim preclusion does not apply. A-270 also asserts that her fraud claims are not "related in time, space, origin, or motivation" to her prior claims. (*Id.* at 6.) She distinguishes the sexual abuse leading to her negligence claims in state court and the Debtor's false representations that it did not know or suspect that Effinger had a history of molesting

6

children, at the core of her proof of claim. (*Id.*) Wisconsin's law of claim preclusion compels the rejection of all of these arguments.

As explained in *N. States Power Co. v. Bugher*, 525 N.W.2d 723, 728 (Wis. 1995), Wisconsin has adopted a "transactional approach" to determine whether two suits involve the same cause of action. The transactional approach originates in § 24 of the Restatement (Second) of Judgments, and the Wisconsin Supreme Court has favorably cited the commentary to that section:

> The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

*De Pratt v. W. Bend Mut. Ins. Co.*, 334 N.W.2d 883, 886 (Wis. 1983) (citing Restatement (Second) of Judgments § 24 cmt. a (1982)).

The district court, in an earlier appeal in the Debtor's case, construed Wisconsin's transactional approach, commenting that "all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together." *In re Archdiocese of Milwaukee*, 482 B.R. 792, 800 (E.D. Wis. 2012) (citing *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 30, 282 Wis. 2d 582, 698 N.W.2d 738). Judge Randa concluded that "[t]he claims in this case arise out of one transaction or factual situation: the Archdiocese's employment of priests who were known pedophiles. The claimants advance two legal theories but they are the same claim . . ." *Id.*; *see also Kruckenberg*, 2005 WI 43, ¶ 26 ("Under the transactional approach, the legal theories, remedies sought, and evidence used may be different between the first and second actions. The concept of a transaction connotes a common nucleus of operative facts.").

7

The result here is the same. Whether she claims the Debtor negligently supervised Effinger, misrepresented Effinger's history as an abuser, or fraudulently failed to disclose Effinger's proclivities to the Claimant, the common nucleus of A-270's claims is the abuse she suffered at the hands of Effinger. The new legal theories set out in her proof of claim all flow from the same transaction. Therefore, the final requirement of claim preclusion – identity of the issues – is satisfied.

The Claimants urge the Court not to disallow their Claims against the Debtor because it would be contrary to Wisconsin public policy. They cite *Sopha v. Owens-Corning Fiberglas Corp.*, 601 N.W.2d 627, 638 (Wis. 1999), for the proposition that courts should not "blindly apply the doctrine of claim preclusion." According to the Claimants, claim preclusion is an equitable doctrine, and it should not be used to deny them justice. (Docket No. 2991 at 3.)

In *Kruckenberg*, the Wisconsin Supreme Court recognized that there may be "narrow, clear, special circumstances exceptions" to claim preclusion, but cautioned that "an ad hoc exception to the doctrine of claim preclusion cannot be justified simply by contending that it is too harsh to deny an apparently valid claim by balancing the values of claim preclusion against the desire for a correct outcome in a particular case." 2005 WI 43, ¶ 55. This Court's sympathy for the abuse suffered by these Claimants cannot override the requirement that the Court give full faith and credit to the judgments entered by the Wisconsin state courts. *See* 28 U.S.C. § 1738 (2012). As a result of those judgments, the Claimants' proofs of claim are not enforceable under Wisconsin law.

### III. CONCLUSION

For the foregoing reasons and those stated on the record at the March 4, 2015 hearing, the Debtor's Motions for Summary Judgment disallowing the proofs of claim filed by Claimants A-270 and A-397 are granted. A separate Order will be issued.

Dated: March 17, 2015

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge