# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| In re: | Chapter: 11 |
|---|---|
| ARCHDIOCESE OF MILWAUKEE, | Case No: 11-20059 |
| Debtor(s). | |

## WISCONSIN DEPARTMENT OF JUSTICE SUPPLEMENTAL RESPONSE IN SUPPORT OF MOTION TO REOPEN AND MOTION FOR ACCESS, ADDRESSING FEDERAL RULE OF BANKRUPTCY PROCEDURE 5010

The Wisconsin Department of Justice (DOJ) requests confidential and restricted access to certain documents that describe events underlying child sex crimes. DOJ makes this request because it is the statewide authority charged with supporting victims of sex crimes and the information is important for DOJ's victim support and criminal investigation responsibilities. Reopening a case is unnecessary to give a party such as DOJ confidential access to sealed documents, even where the court places restrictions on that access, because courts have inherent authority to grant access to records.

However, this case has a unique complication. Under the procedures in this case, the Archdiocese is generally supposed to give notice to the claimants. For that reason, reopening the case could be necessary for the limited purpose

S. Michael Murphy
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
608/266-5457
608/294-2907 (Fax)
murphysm@doj.state.wi.us

of ordering the Archdiocese to provide notice. Reopening would not be necessary if the Court ordered DOJ to provide notice or if DOJ received only redacted copies of the requested judicial records.

Assuming reopening is needed at all, DOJ has demonstrated cause for a limited reopening under section 350(b) of the Bankruptcy Code. Rule 5010 cannot curtail section 350(b), but DOJ satisfies Rule 5010 in any event as a public entity acting in the public interest. Additionally, the parties benefitting from notice are the creditors, who certainly have an interest in receiving notice.

I. **DOJ has demonstrated cause for a limited reopening under 11 U.S.C. § 350(b), and Federal Rule of Bankruptcy Procedure 5010 cannot narrow section 350(b).**

Bankruptcy Code section 350(b) allows reopening to administer assets, accord relief to the debtor *"or for other cause."* 11 U.S.C. § 350(b) (emphasis added). What constitutes cause "depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings." *Case v. Citizens Bank & Tr., Co. (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991). Here, DOJ has demonstrated cause to reopen this case for the limited purpose of having the Archdiocese give notice to claimants of the pending motion for confidential access to sealed claims. (Dkt. 3476, 3496.)

The federal rules of bankruptcy procedure cannot add requirements to section 350(b) that would abridge the scope of the statute. Specifically, the bankruptcy rules "shall not abridge, enlarge, or modify any substantive right."

28 U.S.C. § 2075. "[W]hen the Bankruptcy Rules fail to operate as expected and produce a conflict with the Code, the Code must prevail." *Zedan v. Habash*, 529 F.3d 398, 406 (7th Cir. 2008). Here, DOJ has demonstrated that the requirements of section 350(b) are met, and rule 5010 cannot restrict the relief sought by imposing additional requirements that would narrow section 350(b).

Instead, the rules are intended to provide procedural guidance with respect to the statutory grounds for submitting claims. *In re Montagne*, 421 B.R. 65, 82 (Bankr. D. Vt. 2009). For example, where the relevant statute in the bankruptcy code does not provide for disallowance of a proof of claim, a failure to comply with a bankruptcy rule does not result in the claim's disallowance. *Id.* The same is true here. Section 350(b) establishes when a case should be reopened. Bankruptcy Rule 5010 merely gives guidance on how requests under Section 350(b) are processed.

The history of Rule 5010 supports this conclusion. Under the bankruptcy act, and prior to Rule 5010, a request to reopen a case was made by an application that could be decided *ex parte* and without notice. *In re Canal St. Ltd. P'ship*, 269 B.R. 375, 380 (B.A.P. 8th Cir. 2001); *see also* 9 Collier on Bankruptcy ¶ 350.LH (Richard Levin & Henry J. Sommer eds., 16th ed. 2023) (discussing history of Rule 5010). Rule 5010 changed the procedure to requiring a motion and has provisions for when a trustee should be appointed in a reopened case. Fed. R. Bankr. P. 5010.

As *Collier* describes: "Congress intended that the Bankruptcy Rules would prescribe the procedure by which a case is reopened and how it would be conducted after reopening. Bankruptcy Rule 5010 provides that a case is to be reopened on motion, and this procedure replaces the earlier one." Collier ¶ 350.03[7]. Rule 5010 is not intended to determine who can move to reopen a case or when it is proper to reopen; that is what section 350(b) does.

Case law additionally supports this conclusion. In *Searles,* a bankruptcy court reopened a closed case *sua sponte* to enforce a consent order. *In re Searles*, 70 B.R. 266, 269 (D.R.I. 1987). The debtor appealed on grounds including that Rule 5010 requires that a party in interest move to reopen a case. *Id.* at 271. This argument put the "party in interest" provision of Rule 5010 squarely in conflict with the "other cause" provision of code section 350(b). As the district court explained: "Whether a bankruptcy court can reopen a case *sua sponte* thus turns on whether Rule 5010 operates as a limit upon the broader language of 11 U.S.C. subsection 350(b)." *Id.* at 271. The district court held that Rule 5010 cannot limit section 350(b), because of the limitation in section 2075 on the effect of the rules. *Id.*

The Eastern District of New York has likewise concluded in the context of examining reaffirmation agreements that any reading of Rule 5010 that restricts the permissible moving parties is invalid: "Fed. R. Bankr. P. 5010 improperly restricts the scope of this section by identifying (and perhaps

– 4 –

limiting by negative implication) the movant as 'the debtor or other party in interest pursuant (sic) to section 350(b) of the Code.'" *In re Bruzzese*, 214 B.R. 444, 449 (Bankr. E.D.N.Y. 1997). "It is a cardinal rule of construction that when a Rule impermissibly restricts, is inconsistent with, or contradicts the provisions of the Bankruptcy Code, the Rule is invalid." *Id.*; *see also Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir. 1997) ("While no party sought the reopening, 11 U.S.C. § 105(a) empowered the bankruptcy court to reopen the case on its own motion.); *In re Tall*, 79 B.R. 291, 293 (Bankr. S.D. Ohio 1987) ("despite the lack of a formal request, the Court finds that this case shall be, and the same is, hereby reopened.")

Here, the standards for reopening under section 350(b) are contained in that statute, and the procedural guidance in Rule 5010 does not abridge the circumstances under which a case can be reopened.

## II. DOJ is a party in interest for purpose of moving to reopen this case.

Even if Bankruptcy Rule 5010 included an enforceable prerequisite, reopening would be appropriate. The rule provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) . . . ." Fed. R. Bankr. P. 5010. DOJ is a party in interest for purposes of the rule.

Neither Rule 5010 nor the Bankruptcy Code defines "party in interest" in this context. Section 1109(b) of the code gives a list of examples of parties in

– 5 –

interest generally, but that is a non-exhaustive, illustrative list. *See In re Krowel*, 631 B.R. 277, 281 (B.A.P. 1st Cir. 2021); *In re Canal*, 269 B.R. at 379. "The right to participate in Chapter 11 cases is not limited to creditors . . . [p]ersons who are not creditors but nevertheless have demonstrated a sufficient stake in the outcome of the case may be deemed to be parties in interest and be entitled to be heard." *In re UNR Indus., Inc.*, 71 B.R. 467, 471 (Bankr. N.D. Ill. 1987).

What constitutes a sufficient stake is made on a case-by-case basis. *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985); *In re E.S. Bankest, L.C.*, 321 B.R. 590, 595 (Bankr. S.D. Fla. 2005) ("Because there is no precise definition of the phrase party-in-interest, courts are to make this determination on a case by case basis.") The determination is left to the court's discretion: section "1109(b) of the Bankruptcy Code and Rule 2018(a) of the Bankruptcy Rules authorizes a very broad and elastic interpretation as to those entities entitled to party in interest status or intervenor status—in the discretion of the court to suit the particular case before it." *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 546, 554 (Bankr. D.N.H. 1988). And courts recognize that the provision should be construed generously: "Section 1109(b) must be construed broadly to permit parties affected to appear and be heard." *In re Citizens Loan & Thrift Co.*, 7 B.R. 88, 90 (Bankr. N.D. Iowa 1980) (citing 5 Collier on Bankruptcy (15th ed.) 1109.02).

Courts have found that state entities, including Attorneys General, are parties in interest. For example, where a bankruptcy involves a regulated industry, a state was a "a party in interest in every practical sense" and was allowed to intervene. *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. at 555. The bankruptcy court in *New Hampshire* determined that the realities of the case and the public interest at large made the state, through its Attorney General, a party in interest. *Id.* at 548, 555–56. Likewise, in *In re Citizens Loan & Thrift Co.*, 7 B.R. 88, 90 (Bankr. N.D. Iowa 1980), the court recognized a state auditor as a party in interest allowed to intervene in the Chapter 11 case of a lending company. The court held that the state was charged with supervision of loans, so it was a "party affected" by the proceedings, and noted "the general state interest in the welfare of its citizens." *Id.* at 91.

Other courts have agreed. *See In re Mattiace Indus., Inc.*, 76 B.R. 44, 47 (Bankr. E.D.N.Y. 1987) (permitting an Attorney General to move to dismiss a case where it showed that the debtor was operating contrary to environmental laws); *In re Winsted Mem'l Hosp.*, 236 B.R. 556, 559 (Bankr. D. Conn. 1999) (permitting an Attorney General to intervene in a hospital bankruptcy to protect charitable funds where the office was "charged with representing the interests of the public, as the intended beneficiaries of funds intended for charitable purposes"); *In re Lewis*, 459 B.R. 281, 288 (N.D. Ill. 2011) (recognizing a state Attorney General's office as a party in interest for purposes

– 7 –

of objecting to a plan where it was empowered to file consumer protection actions, noting "the important public interest in enforcing" public protection laws).

Here, DOJ is the statewide support resource for sexual abuse survivors in Wisconsin, and the statewide law enforcement agency with authority, experience, and expertise in investigating and prosecuting sex crimes like the child sex abuses that underly this bankruptcy case. (Dkt. 3496:2–13.) The full legal and factual basis for DOJ's authority, experience, and expertise to serve crime victims and investigate and prosecute sex crimes are described in its September 27, 2023, response and supporting affidavits. (Dkt. 3496:2–19; 3497; 3499; 3500; 3501; 3503.)

That authority goes to a core purpose of this bankruptcy case: to address child sexual abuse and support sexual abuse survivors. As the Archdiocese has stated, the case was filed "[f]or the preservation of the Church and the well-being of all constituencies, especially the Abuse Survivors." (Dkt. 3277:10.) The sealed claims are a unique and critical data source, and DOJ has an interest in reviewing them. (Dkt. 3277:10.)

The Archdiocese itself has considered DOJ a party in interest in this case. It explains in its objection how it gave notice to DOJ of confidentiality-related motions during the case. (Dkt. 3486:2.) Notices of that type are directed

– 8 –

to parties in interest. (*See* Fed. R. Bankr. P. 2002.) The Archdiocese's notices affirm that it believes DOJ is a party in interest here.

Some cases have suggested that "party in interest" in Rule 5010 is a restrictive set of parties, generally relying on the idea that Rule 5010 "implicitly" limits reopening to debtors, creditors, or trustees. *In re Krowel*, 631 B.R.at 281 (quoting decision below). That conclusion is not supported by the bankruptcy code. It is section 350(b) of the code, not Rule 5010, that determines the circumstances when a case can be reopened. Even then, the text of Rule 5010 allows reopening by a party in interest broadly, not by a limited short list. And section 1109(b)'s list of parties' interests is illustrative and non-exhaustive.

The analyses in decisions implying a more limited reading of Rule 5010, such as those cited in this Court's September 29 order, arose from non-analogous circumstances. None of the movants was a public agency asserting a matter of public interest.

Two of the cases involved movants who sought to have property interests addressed, but their interests were too tangential to justify that participation. *In re Riley*, No. 13-61356, 2017 WL 4334033, at *1 (Bankr. N.D.N.Y. Sept. 28, 2017) (unreported), involved a movant that had purchased property at a sheriff's sale, a sale that likely violated the automatic stay. Likewise, *In re Krowel*, 631 B.R. at 280–81, involved a party that moved to reopen a chapter 7

– 9 –

case after it was closed, seeking to add a property to the debtor's schedules so that the movant could buy it.

Movant interests in other cited cases were even less connected to the bankruptcy. In *In re Woldeyohannes*, No. 18-21369 (AMN), 2022 WL 3135287, at 1–2. (Bankr. D. Conn. Aug. 3, 2022) (unreported), an assignee to a mortgage sought to reopen in order to correct a clerical mistake in one of the sale documents; the bankruptcy court concluded that the movant had an insufficient connection to the case to move for reopening. *Id.* at 3–4. Similarly, in *In re Friede Goldman Halter Inc.*, 600 B.R. 526, 527–28, (Bankr. S.D. Miss. 2019), the movant claimed to be a successor to the debtor; the bankruptcy court denied the motion primarily because it determined that the movant was not a successor, so any reopening would be futile. *Id.* at 532.

In the final case, *In re Canal St. Ltd. P'ship*, 269 B.R. at 379, the Eighth Circuit held that a bond holder was a creditor and "certainly" met the definition of a party in interest.

None of these cases are meaningfully analogous to the situation here. And none of the discussions in the cases suggests that a public entity's interest in representing the public interest cannot be sufficient to make them a party in interest within the meaning of the bankruptcy rule.

– 10 –

Case 11-20059-gmh    Doc 3509    Filed 10/16/23    Page 10 of 13

### III. The interests of claimants, and the bankruptcy purpose of giving notice to claimants, supports reopening the case to give notice.

The only reason DOJ has requested reopening is for the Archdiocese to give claimants notice of the pending motion for access to certain sealed records. As discussed in DOJ's response, reopening is unnecessary for the underlying relief sought. (Dkt. 3496:20–25, 27–30, 42.) This court has inherent authority to grant access to records, and bankruptcy courts have given access to sealed records without reopening the case. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 301–02 (D. Del. 2013) ("The Court perceives no need to reopen the closed cases or grant . . . intervenor status in order to provide Garlock the access it seeks to the 2019 Exhibits.").

There is likely no closely analogous case to the current situation because a sealed mailing matrix is uncommon, but a bankruptcy case has been reopened for purposes of giving notice. In *Stahl*, a debtor's attorney filed a fee application but never gave notice to the debtors. *In re Stahl, Asano, Shigetomi Assocs.*, 36 B.R. 179, 180 (Bankr. D. Haw. 1983). The fee application was granted, and the debtors moved to reopen the case to contest the fee petition, and the court reopened the case for that purpose. *Id.* at 181–82. Likewise here, reopening is appropriate to order the Archdiocese to give notice to claimants.

Notice of the pending motion, and DOJ's receiving access to records, will benefit claimants. The underlying purpose of DOJ's access to the documents

– 11 –

and the entire Initiative is for the benefit of survivors, including the confidential claimants. And the best information about whether claimants want DOJ to access the documents will come from claimants once they have notice of DOJ's request.

### IV. The limiting reopening will only minimally inconvenience the reorganized debtor, with no impact on its confirmed plan.

Reopening for the limited purpose of requiring the Archdiocese to give notice will only minimally burden the Archdiocese, and will not endanger the finality of its plan and reorganization. Particularly in this context, reopening is a merely ministerial act that, as courts have described, "has no independent legal significance and determines nothing with respect to the merits of the case." *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998) (citation omitted); *accord Wood v. Kenan (In re Woods)*, 173 F.3d 770, 777 (10th Cir. 1999). It is a benign act that is appropriate here for effectuating notice and nothing more. *See In re Menk*, 241 B.R. 896, 910, 917 (B.A.P. 9th Cir. 1999) (discussing "benign" reopening for administrative reasons.)

If DOJ gives notice, reopening is not necessary. Indeed, the Archdiocese's practical interest in objecting to DOJ's request is questionable, because claim confidentiality is not for the benefit of the Archdiocese, it is for the benefit of claimants. (Dkt. 331 ¶ 24(v).)

If the Court were to decide that reopening is imprudent, that is not determinative of the underlying request. The Court should still grant DOJ access to the documents under appropriate redactions or other safeguards. (*See* Dkt. 3496:42.)

## CONCLUSION

DOJ respectfully requests that the Court reopen this case to establish notice procedures for the Archdiocese to give notice to claimants. If the Court decides not to reopen the case or otherwise order notice, DOJ requests confidential access to the requested records under appropriate restrictions.

Dated this 16th day of October 2023.

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        Electronically signed by:

        <u>s/ S. Michael Murphy</u>
        S. MICHAEL MURPHY
        Assistant Attorney General
        State Bar #1078149

        Attorneys for State of Wisconsin,
        Department of Justice

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457
(608) 294-2907 (Fax)
murphysm@doj.state.wi.us