IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case No. 11-20059-gmh |
| ARCHDIOCESE OF MILWAUKEE, | Chapter 11 |
| Reorganized Debtor. | G. Michael Halfenger |

**SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO MOTIONS OF WISCONSIN DEPARTMENT OF JUSTICE TO REOPEN CASE FOR LIMITED PURPOSE OF DECIDING MOTION OF WISCONSIN DEPARTMENT OF JUSTICE FOR ACCESS TO CERTAIN SEALED RECORDS AND FOR ACCESS TO CERTAIN SEALED RECORDS**

The Archdiocese of Milwaukee (the "ADOM") submits this supplemental brief pursuant to this Court's order dated June 17, 2024 [Dkt. No. 3517] (the "June Order"), and in opposition to the following pleadings filed by Josh L. Kaul in his capacity as the Attorney General (the "AG"): (1) *Motion of Wisconsin Department of Justice to Reopen Case for Limited Purpose of Deciding Motion of Wisconsin Department of Justice for Access to Certain Sealed Records* [Dkt. No. 3473] (the "Motion to Reopen"); (2) *Motion of Wisconsin Department of Justice for Access to Certain Sealed Records* [Dkt. No. 3476] (the "Motion for Access," and with the Motion to reopen, the "Original Motions"); (3) *Wisconsin Department of Justice Response in Support of Motion to Reopen and Motion for Access* [Dkt. No. 3496] (the "Response"); and (4) *Wisconsin Department of Justice Supplemental Response in Support of Motion to Reopen and Motion for Access, Addressing Federal Rule of Bankruptcy Procedure 5010* [Dkt. No. 3509] (the "Supplement," and collectively with the Original Motions and the Response, the "AG Pleadings").

## Introduction

The Supreme Court's decision in *Truck Insurance Exchange v. Kaiser Gypsum Company, Inc.*, 602 U.S. ____, 144 S. Ct. 1414, 1428 (2024) does not support the AG's Motion to Reopen or Motion for Access. Unlike the party in *Truck Insurance Exchange*, the AG has no financial responsibility for paying claims, no financial exposure, and no interest in the estate's assets. Instead, the AG, which in Wisconsin is limited to acting only when it is statutorily authorized, seeks to assert standing when it has no legal authority to act. The contrast is stark – in *Truck Insurance Exchange*, the party sought standing when it had direct personal responsibility for claims and here the AG is not even legally authorized to act.

## Background

1. On August 9, 2023, the AG lodged the Original Motions. The Motion to Reopen asked the Court "to reopen this case for the limited purpose of deciding the contemporaneously filed [Motion for Access]." (Motion to Reopen, p.1). The AG does not contend the Court's prior decision to seal information was clearly erroneous or would work manifest injustice. In fact, the AG concedes the Court properly restricted access. (Motion for Access, p. 9 ("DOJ supports protecting survivor information and believes that survivor bankruptcy filings should not be part of the public domain."); Response, p. 36.)

2. On August 30, 2023, the ADOM filed its objection to the Original Motions [Dkt. No. 3486] (the "Objection").

3. On August 31, the Court entered an order [Dkt. No. 3489] directing additional briefing.

4. On September 27, 2023, the AG filed the Response.

5. On September 29, 2023, the Court entered an Order [Dkt. 3506] directing additional briefing.

6. On October 16, 2023, the AG filed the Supplement.

7. On October 24, 2023, the ADOM filed its Sur-Reply in support of the Objection [Dkt. No. 3510] (the "Sur-Reply").

**Argument**

I. **The Supreme Court's Decision in *Truck Insurance Exchange v. Kaiser Gypsum Co., Inc.* Does Not Support the AG's Position**

8. In *Truck Insurance Exchange v. Kaiser Gypsum Company, Inc.*, the Supreme Court held that "an insurer with financial responsibility for bankruptcy claims is a 'party in interest' that may object to a Chapter 11 plan of reorganization." *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. ____, 144 S. Ct. 1414, 1428 (2024).[1] The Supreme Court repeated this – that a party with financial responsibility is a party in interest – multiple times:

- "An insurer with financial responsibility for a bankruptcy claim is sufficiently concerned with, or affected by, the proceedings to be a 'party in interest' that can raise objections to a reorganization plan." *Id.* at 1420.

- "Section 1109(b)'s text, context, and history confirm that an insurer such as Truck with financial responsibility for a claim is a 'party in interest' because it may be directly and adversely affected by the reorganization plan." *Id.* at 1423.

- "[T]he Court holds that insurers such as Truck with financial responsibility for bankruptcy claims are parties in interest." *Id.* at 1425-26.

- "An insurer with financial responsibility for bankruptcy claims can be directly and adversely affected by the reorganization proceedings in these and many other ways, making it a 'party in interest' in those proceedings." *Id.* at 1426.

- "The potential harm—attributable to Truck's status as an insurer with financial responsibility for bankruptcy claims—gives Truck an interest in bankruptcy proceedings and whatever reorganization plan is proposed and eventually

---

[1] During this term, the Supreme Court has also released two opinions addressing standing generally. *See Food & Drug Admin. v. Alliance for Hippocratic Medicine*, Nos, 23-235 and 23-236, 602 U.S. _____, 144 S. Ct. 1540, 1555 (June 13, 2024) ("To establish standing . . . a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief. Those specific requirements constitute an essential and unchaining part of the case-or-controversy requirement of Article III.") (internal citations and quotations omitted); *see also Murty v. Missouri*, No. 23-411, ___ U.S. ___, ___ S.Ct. ___, 2024 WL 3165801, *7 (June 26, 2024). Because the AG has no legal authority to conduct its Initiative, it lacks standing.

3

adopted." *Id.*

- "Where a proposed plan allows a party to put its hands into other people's pockets, the ones with the pockets are entitled to be fully heard and have their legitimate objections addressed." *Id.*

- "The fact that Truck's financial exposure may be directly and adversely affected by a plan is sufficient to give Truck (and other insurers with financial responsibility for bankruptcy claims) a right to voice its objections in reorganization proceedings." *Id.* at 1427.

- "Insurers such as Truck with financial responsibility for claims are not peripheral parties." *Id.* at 1428.

- "An insurer with financial responsibility for bankruptcy claims is a 'party in interest' that may object to a Chapter 11 plan of reorganization." *Id.*

9. Guided by *Truck Insurance Exchange*, the AG is not a party in interest. The AG does not have financial responsibility for the claims, and nothing in any of the AG Pleadings contends otherwise.

10. To the extent the direct holding of *Truck Insurance Exchange* could be construed more broadly – *e.g.,* a party with financial exposure or a party with a financial interest in the estate's assets is a party in interest – the AG is still not a party in interest. The AG has no financial responsibility for paying claims, no financial exposure, and no interest in the estate's assets.

11. Outside of the context of the Supreme Court's direct holding, the Supreme Court's analysis in *Truck Insurance Exchange* supports a determination that the AG is not a party in interest with standing to request that this Court reopen the Chapter 11 Case seven years after it was closed.

12. The Supreme Court stated that courts make the party in interest determination on a "case-by-case basis." *Id.* at 1423. In addition, the Supreme Court recognized that "[t]he general theory behind § 1109(b) is that anyone holding a direct financial stake in the outcome of

the case should have an opportunity . . . to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest." *Id.* (quoting 7 Collier on Bankruptcy ¶ 1109.01 (16th ed. 2023)) (internal quotations omitted). The parties in *Truck Insurance Exchange* actually agreed that a party in interest was someone "directly and adversely affected by the reorganization." *Id.* at 1425. "Of course, a party is interest is 'not intended to include literally every conceivable entity that may be involved in or affected by the chapter 11 proceedings.'" *Id.* at 1428 (quoting 7 Collier on Bankruptcy ¶ 1109.03). The Supreme Court also said that "[t]he § 1109 inquiry asks whether the reorganization proceedings might affect a prospective party." *Truck*, at 1427.

13. The AG has no financial stake and has never contended that it would be directly and adversely affected by the Chapter 11 Case. (*See generally* AG Pleadings.) Nothing in the proceedings can affect the AG because, as addressed in the Objection, the AG lacks statutory authority to act. (Objection, § I.)

14. Moreover, the ADOM's objection to the Motion to Reopen and the Motion for Access never hinged on any particular interpretation of § 1109(b). Importantly, regardless of the interpretation of § 1109(b), the AG has no standing because the AG lacks legal authority to conduct the Initiative (Objection, § I.) Moreover, as the Supreme Court recognized, § 1109(b) allows a party in interest to appear and be heard on an issue. *Truck Insurance Exchange*, 144 S.Ct. at 1423. During the pendency of the Chapter 11 Case, although the issue of sealing Abuse Survivor information, including claims, was addressed multiple times, the AG never requested to appear and be heard. A Motion to Reopen is not a substitute for timely asserting an alleged right to appear and be heard on an issue during the pendency of the case. (Objection, § III(D).)

15. Unlike *Truck Insurance Exchange* where there was a valid bankruptcy purpose (*e.g.*, an objection to confirmation of a plan of reorganization) for recognizing the insurer as a party in interest such that it would "promot[e] a fair and equitable reorganization process," the AG proposes no bankruptcy purpose here. The AG's request has nothing to do with the reorganization process, which is the critical flaw in the AG's putative attempt to rewrite § 350(b) of the Bankruptcy Code by ignoring its specific language that a case may be reopened to "administer assets, accord relief to the debtor, or for other cause." (Objection, § III(A).)

16. Since the Supreme Court's decision, one lower court has had the opportunity to apply the Supreme Court's analysis to a motion to reopen. *See Greenwald v. Pocmont Properties, LLC,* No. 23-CV-02875 (RPK), 2024 WL 3045205, at *4 (E.D.N.Y. June 18, 2024).

17. There, the appellants sought to reopen the bankruptcy case to seek an order vacating a sale of property. *Id.* at *2. The appellants argued that they were parties in interest because the bankruptcy plan required that the debtor give them notice of the sale of the property. *Id.* In addition, the appellant submitted evidence that it had entered into a partnership agreement with the debtor's manager to provide services. *Id.*

18. The district court affirmed the bankruptcy court's denial of the motion to reopen on the basis that the appellants had not shown that they were parties in interest entitled to seek reopening. *Id.* at *4. The district court cited *Truck Insurance Exchange* for the following proposition:

> These categories [in § 1109(b)] are illustrative but non-exhaustive. The general theory behind § 1109(b) is that anyone holding a direct financial stake in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest. Thus, anyone directly and adversely affected by the reorganization plan

is a party in interest.

*Id.* (internal quotations and citations omitted).

19. The district court held "[i]n the absence of an ownership interest or creditor relationship, appellants have not shown a pecuniary interest in the outcome of the bankruptcy proceeding sufficient to establish that they were parties in interest." *Id.* at *5.

20. It bears repeating that, each individual Abuse Survivor continues to control access to their personal information. As the AG must surely concede, the ADOM does not and cannot object to the extent an Abuse Survivor wishes to share their claim with the AG. (*See* Objection, p. 3.) The AG is "experienced in giving notice on statewide issues" (Response, p. 39), gave notice of its of its Initiative (and has been doing so for over three years now), and most Abuse Survivors elected not to share their proofs of claim with the AG.

21. In conclusion, under the direct holding of *Truck Insurance Exchange*, the AG is not a party in interest with standing to seek to reopen the Chapter 11 Case because the AG is not financially responsible for claims. In addition, the guidance of *Truck Insurance Exchange* further supports a determination that the AG is not party in interest with standing to seek to reopen the Chapter 11 Case. The AG has no direct financial stake in the outcome of the case, is not directly and adversely affected by the reorganization plan, and has no pecuniary interest in the case. In fact, the AG does not seek the Motion to Reopen for any purpose within an actual reorganization proceeding. Instead, the AG seeks to use the Motion to Reopen to circumvent the fact that it has no legal authority for the Initiative, and thus cannot obtain access to the proofs of claim through the actual legal process for any statutorily-permitted government investigation. The AG also seeks to use the Motion to Reopen to circumvent the fact that it never actually sought to be heard during the pendency of the case, never requested access to any information

7

HB: 4875-8440-6476.3

Case 11-20059-gmh    Doc 3519    Filed 06/28/24    Page 7 of 8

during the pendency of the Chapter 11 Case, never objected to any order related to access during the pendency of the Chapter 11 Case, and never sought an appeal of any order on these issues.

The AG's Motions are unsupported and must be denied.

Dated this 28th day of June, 2024.

HUSCH BLACKWELL LLP
*Attorneys for Archdiocese of Milwaukee*

By:   s/ Francis H. LoCoco
     Francis H. LoCoco
     Bruce G. Arnold
     Lindsey M. Greenawald

P.O. ADDRESS:
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202
414.273.2100 / 414.223.5000 (fax)
Francis.LoCoco@huschblackwell.com
Bruce.Arnold@huschblackwell.com
Lindsey.Greenawald@huschblackwell.com